VILLAGE OF BROOKVILLE v. LOUTHAN.

(No. 82-TR-D-1253—Decided August 5, 1982.)

County Court of Montgomery County.

*Mr. Gary E. Zuhl,* city prosecutor, for plaintiff.

*Mr. James A. Climer,* for defendant.

FROELICH, J. The stipulated facts in this case include that the complaining witness was an off-duty municipal police officer in a private unmarked vehicle, although in uniform, and on his way home from work when he observed the defendant within the city limits violate a city traffic ordinance. The defendant contends, first, that since the complaining witness was off-duty, he was not authorized to make an arrest. Secondly, the defendant contends, that he was arrested. Thirdly, the defendant contends that even if he were lawfully arrested, R.C. 4549.14 and Evid. R. 601(C) make the officer incompetent to testify.

This court can find no controlling cases on the authority of an "off-duty" police officer. In *State* v. *Maxwell* (1978), 60 Ohio Misc. 1 [14 O.O.3d 44], the Miamisburg Municipal Court said that an officer is not on duty twenty-four hours a day, but may by his actions act as a police officer. In that instance, the court held that the officer came on duty for the specific purpose of enforcing the traffic laws at the point in time when he began to act like a police officer and exercised his power as a police officer. Since the question of whether an officer was "on-duty" or "off-duty" will rarely arise unless the officer "acts like a police officer," it seems to be a distinction without a difference to suggest that an officer is not on duty during all the hours under which he is under an obligation to follow his or her oath to preserve the peace, protect persons and property, and obey and enforce all ordinances of the city (see, *e.g.,* R.C. 737.11).

1

Secondly, this court finds that an arrest was made. This court is well aware of the Ohio appellate case law holding that a traffic citation is not an arrest. However, in the case *sub judice,* the complaining witness followed the defendant to his home and then had the defendant follow him back to the police station at which time he was cited. This secondary act, that of "requesting" the defendant to follow him back to the police station, cannot be viewed as anything other than the exercising of control over the defendant. Certainly the defendant perceived it as such and perceived the person ordering him back to the police station as someone other than an average citizen. However, since this court has held that the "off-duty" police officer could lawfully act under R.C. 2935.03, the fact that there was an arrest is not controlling. It was simply a lawful arrest for a misdemeanor occurring in the presence of the officer. See, *e.g., State* v. *Holbert* (1974), 38 Ohio St. 2d 113 [67 O.O.2d 111].

However, R.C. 4549.14 and 4549.16 and Evid. R. 601(C) make an officer "while on duty for the exclusive or main purpose of enforcing traffic laws" incompetent to testify if he was "not using a properly marked motor vehicle as defined by statute or was not wearing a legally distinctive uniform as defined by statute." In this case, it is stipulated that the officer was not in the marked cruiser required by R.C. 4549.14 and Evid. R. 601(C). Therefore, the defendant contends, the officer is incompetent to testify. However, the prosecution contends that the officer was not "on duty for the exclusive or main purpose of enforcing traffic laws." Whether this court were to adopt the reasoning of *Maxwell, supra,* that the officer only came on duty at the time he began following the traffic offender or were to rule that the officer was on duty all the time, it is abundantly clear that the exclusive or main purpose of the officer's activities in following the defendant, talking with him at his house, and having him follow him back to the police department to be cited, was for the main purpose of enforcing the traffic laws.

This is the same reasoning as that used by Judge Whiteside who dissented in *Columbus* v. *Stump* (1974), 41 Ohio App. 2d 81, 85 [70 O.O.2d 86], *i.e.,* whether a police officer is on duty for the exclusive or main purpose of enforcing motor vehicle or traffic laws is to be determined by the duty in which the officer is engaged at the time and place he makes an arrest for violation of such laws. In this case, as in *Stump,* the only duty the officer was engaged in, by following the defendant and apprehending him, was the enforcement of the motor vehicle or traffic laws. Thus, his testimony is precluded by R.C. 4549.14 and Evid. R. 601(C).

This case is not dismissed since the court has held the citation and arrest to be lawful, but the testimony of officer Hutton will not be permitted because of the above-cited statute and rule.

*Judgment accordingly.*