CITY OF COLUMBUS, APPELLEE, *v.* MURCHISON, APPELLANT.

*Gregory S. Lashutka,* city attorney, *Ronald J. O'Brien,* city prosecutor, and *David E. Tingley,* for appellee.

*Richard F. Swope,* for appellant.

NORRIS, J. Defendant, Gerald E. Murchison, appeals his conviction for driving a motor vehicle while under the influence of alcohol.

Michael Turner, the police officer whose testimony at trial defendant sought to suppress, testified at the hearing on defendant's motion to suppress, that, while he normally worked as a detective in plain clothes, on October 25, 1983 he was off duty but was in uniform

and in an unmarked car returning from having directed traffic on a special-duty assignment; that he observed an automobile being operated in an erratic fashion and followed it; that he radioed for a police cruiser as he believed he was following a driver who was under the influence of alcohol; that the driver continued his erratic operation and finally drove into the side yard of a house; that he thought the driver had arrived at his home and so advised the police radio dispatcher there was no longer a need for a cruiser; that he left his unmarked car parked along the curb and approached the vehicle "to make sure that he was home and he did get in his house and he did not continue to drive"; that defendant, the driver, did not know where he was; that he then radioed for a cruiser; and that defendant was placed under arrest by a police officer who later arrived in a marked cruiser.

When the trial court overruled his motion, defendant entered a plea of no contest and was found guilty.

Defendant raises one assignment of error:

"The trial court erred in overruling the defendant's Motion to Suppress the testimony of Michael E. Turner, pursuant to Rule 601(C), Ohio Rules of Evidence, and Section 4549.16 [sic], Revised Code."

By his assignment of error, defendant contends that the officer was not competent to testify at trial since he had not been using a marked police cruiser. Several statutes are relevant to the resolution of the issue raised by the assignment of error:

R.C. 4549.13 provides in part:

"Any motor vehicle used by * * * any * * * [police] officer, while said officer is on duty for the exclusive or main purpose of enforcing the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, shall be marked in some distinctive manner or color * * *."

R.C. 4549.14 provides:

"Any officer arresting, or participating or assisting in the arrest of, a person charged with violating the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, such officer being on duty exclusively or for the main purpose of enforcing such laws, is incompetent to testify as a witness in any prosecution against such arrested person if such officer at the time of the arrest was using a motor vehicle not marked in accordance with section 4549.13 of the Revised Code."

Evid. R. 601(C) restates the provisions of R.C. 4549.14.

Because it is uncontroverted that Officer Turner was not using a properly marked vehicle, the question is whether the officer was on duty exclusively or for the main purpose of enforcing traffic laws.

In order to determine whether Turner was "on duty" as contemplated by the statutes, we should first examine the legislative intent they manifest. According to the Supreme Court, it was the intent of the General Assembly, in part, when it adopted the statutes, to curb speed traps and to provide uniformity in traffic control and regulation in an effort to make driving safer in all areas of the state. *Dayton* v. *Adams* (1967), 9 Ohio St. 2d 89, 90 [38 O.O.2d 223]. One of the safety concerns addressed by the General Assembly in enacting the statutes was the hazard to members of the public that inevitably would result should a police officer, not clearly identified as such, confront a driver and attempt to require him to follow the officer's instructions. It requires little imagination to contemplate the unfortunate consequences should a frightened motorist believe that he was being forced off the road by a stranger. The General Assembly sought to avoid such mischief by requiring police officers on traffic duty to be identified clearly.

Under the circumstances of this case, Turner was not enforcing traffic laws as contemplated by the statutes. He did not pursue defendant and attempt to pull him over and place him under arrest, as had happened in the cases relied upon by defendant. See *State* v. *Clark* (1983), 10 Ohio App. 3d 308; *Brookville* v. *Louthan* (1982), 3 Ohio Misc. 2d 1. The first time defendant became aware of Turner's presence was after he had brought his vehicle to a stop and was approached by Turner on foot, while in uniform. Nor was Turner "on duty" as contemplated by the statute since, at the time he observed defendant's erratic driving, Turner was engaged in a pursuit other than enforcement of the traffic laws. See *Columbus* v. *Stump* (1974), 41 Ohio App. 2d 81 [70 O.O.2d 86].

Accordingly, the witness was competent to testify, under the circumstance of this case, and the assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and CONNORS, JJ., concur.

CONNORS, J., of the Sixth Appellate District, sitting by assignment in the Tenth Appellate District.