THE STATE OF OHIO *v.* POST.

(No. 88 D 6320—Decided
December 19, 1988.)

County Court of Montgomery County,
First District.

*Charles F. Geidner,* for the state.
*Claudette A. Post, pro se.*

JEFFREY E. FROELICH, J. The defendant, Claudette A. Post, was stopped by a police officer and cited for violating R.C. 4511.12, failing to stop for a red light. The immediate question before the court is whether the officer was competent to testify pursuant to Evid. R. 601(C). The Evidence Rule (and the related Revised Code Sections, R.C. 4549.13, 4549.14, and 4549.15) make an officer incompetent to testify when he is on duty for the exclusive or main purpose of enforcing traffic laws and arrests or assists in the arrest of a person charged with a traffic violation where the officer at the time of the arrest was not using a properly marked vehicle or was not wearing a legally distinctive uniform as defined by statute. The "vehicle statute," R.C. 4549.13, requires, among other things, a "rotating colored light mounted outside on top of the vehicle," which, it is stipulated, was not present here. Therefore, the remaining question before the court is whether the officer was "on duty for the exclusive or main purpose of enforcing traffic laws."

According to the Supreme Court, R.C. 4549.14 (and therefore Evid. R. 601[C]) were adopted for the purpose of preventing speed traps and to provide uniformity in traffic control and regulation in an effort to make driving safer in all areas of the state. *Dayton* v. *Adams* (1967), 9 Ohio St. 2d 89, 90, 38 O.O. 2d 223, 224, 223 N.E. 2d 822, 824. Certainly one of the safety concerns was the hazard to members of the public that inevitably would result should a police officer, not clearly identified as such, confront a driver and attempt to require him to follow the officer's instructions. As stated in *Co-*

lumbus v. *Murchison* (1984), 21 Ohio App. 3d 75, 76, 21 OBR 79, 81, 486 N.E. 2d 236, 238, "* * * [i]t requires little imagination to contemplate the unfortunate consequences should a frightened motorist believe that he was being forced off the road by a stranger. The General Assembly sought to avoid such mischief by requiring police officers on traffic duty to be identified clearly."

In *Murchison,* an off-duty officer, in uniform but in an unmarked car, followed the defendant until the defendant drove into the side yard of a house and stopped. The officer radioed for a marked cruiser and the defendant was placed under arrest. The officer was permitted to testify since the court held that the officer was "not enforcing traffic laws as contemplated by the statutes." *Id.* at 77, 21 OBR at 81, 486 N.E. 2d at 238.

The *Murchison* court also relied on *Columbus* v. *Stump* (1974), 41 Ohio App. 2d 81, 70 O.O. 2d 86, 322 N.E. 2d 348, syllabus, in which it was held that an officer "who, while engaged in an assignment unrelated to the enforcement of traffic laws, observes a violation of such laws and makes an arrest therefore [*sic*] will not be precluded * * * from testifying with regard to such violation on the basis that he was * * * driving an unmarked vehicle at the time of arrest." Further, our own Second District Court of Appeals in *State* v. *Thobe* (1961), 91 Ohio Law Abs. 92, 191 N.E. 2d 182, held that a village chief of police, although not in uniform, was not incompetent to testify on a traffic stop since he was charged with the whole spectrum of duties required of a chief of police and could not be held to be exclusively in the business of traffic control. This court is bound by those decisions.

The court finds the facts herein to be that the officer was on duty and was on his way to the police department where he serves as a supervisor. He testified that he was not on duty exclusively for traffic control and, in fact, very rarely became involved with traffic offenses except in his supervisory capacity. This case must be distinguished from *Brookville* v. *Louthan* (1982), 3 Ohio Misc. 2d 1, 3 OBR 64, 441 N.E. 2d 308, in which this court held that an off-duty police officer in an unmarked car was incompetent to testify concerning a traffic stop since he only came "on duty" for the exclusive purpose of enforcing the traffic laws. However, the officer in the case before the court was clearly on duty and was, equally as clear, not on duty for the "exclusive or main purpose of enforcing traffic laws"; therefore, his testimony is competent.

Based on the testimony of the officer and the other testimony and facts and circumstances adduced at the trial, the court makes a finding of GUILTY to the charge of violating R.C. 4511.12.

*Judgment for the state.*