The STATE of Ohio, Appellee,

v.

FOSTER, Appellant.

[Cite as *State v. Foster* (1992), 84 Ohio App.3d 214.]

Court of Appeals of Ohio,
Preble County.

No. CA92–06–012.

Decided Dec. 14, 1992.

*John L. Petry,* Eaton City Law Director, for appellee.

*James W. Thomas,* for appellant.

---

*Per Curiam.*

On the morning of April 8, 1992, defendant-appellant, Frank Foster, was driving a white truck with a box-style trailer eastbound on Interstate 70 through Preble County, Ohio. Ohio State Highway Patrol Trooper Russell Bennett stopped appellant east of the nine-mile marker and issued appellant a traffic citation for traveling sixty-seven miles per hour in a fifty-five mile per hour zone. Appellant entered a plea of not guilty, and trial was held on June 2, 1992.

The state's first witness was Trooper Bruce Waters, an aircraft pilot for the Ohio State Highway Patrol. Trooper Waters testified that on the morning of April 8, 1992, he was flying a State Highway Patrol aircraft over eastbound Interstate 70, conducting an "air speed surveillance operation." Trooper Waters timed a white truck with a box-style trailer as it traveled across five sets of markings along a mile of the road. Based on his observations, Trooper Waters calculated that the truck's speed was sixty-seven miles per hour. Trooper Waters then contacted Trooper Bennett over police radio to report the speed-limit violation and continued to watch the truck until Trooper Bennett stopped it.

Trooper Bennett testified that he received the radio communication from Trooper Waters and, with Trooper Waters' assistance, identified and stopped appellant's truck. Trooper Bennett also stated that he issued appellant a traffic citation on the basis of Trooper Waters' observations only and admitted that he had no independent evidence of appellant's speed.

Appellant testified in his own behalf and denied exceeding the speed limit. At the close of the evidence, the trial judge stated that he believed the testimony of Trooper Waters and Trooper Bennett and found appellant guilty. Appellant was ordered to pay a fine of $25 and costs.

Appellant now appeals to this court. In his sole assignment of error, appellant contends that the trial court erred in finding Trooper Waters, the aircraft operator, to be a competent witness. In support of his argument, appellant cites R.C. 4549.14 and Evid.R. 601(C). R.C. 4549.14 provides:

"Any officer arresting, or participating or assisting in the arrest of, a person charged with violating the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, such officer being on duty exclusively or for the main purpose of enforcing such laws, is incompetent to testify as a witness in any prosecution against such arrested person if such officer at the time of the arrest was using a motor vehicle not marked in accordance with section 4549.13 of the Revised Code." [1]

According to appellant, Trooper Waters was incompetent to testify at trial because the aircraft which he was operating was not marked in accordance with R.C. 4549.13.

Under R.C. 4549.13:

"Any motor vehicle used by a member of the state highway patrol or by any other peace officer, while said officer is on duty for the exclusive or main purpose of enforcing the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, shall be marked in some distinctive manner or color and shall be equipped with, but need not necessarily have in operation at all times, at least one flashing, oscillating, or rotating colored light mounted outside on top of the vehicle."

Appellant argues that the aircraft used by Trooper Waters was required to be equipped with "at least one flashing, oscillating, or rotating colored light mounted outside on top of the vehicle," R.C. 4549.13, and that the aircraft was not so equipped. In short, appellant claims that the aircraft was a "motor vehicle" for purposes of R.C. 4549.13.

---

1. Pursuant to Evid.R. 601(C):

  "Every person is competent to be a witness except:

  " * * *

  "(C) An officer, while on duty for the exclusive or main purpose of enforcing traffic laws, arresting or assisting in the arrest of a person charged with a traffic violation punishable as a misdemeanor where the officer at the time of the arrest was not using a properly marked motor vehicle as defined by statute * * *."

Appellant relies on *State v. Huxtable* (1983), Preble M.C. No. 83–T–D–2197, unreported, in which the trial court held that an aircraft is a motor vehicle for the purpose of R.C. 4549.13 under the definition of "motor vehicle" contained in R.C. 4501.01(B).[2] R.C. 4501.01 provides that:

"As used in Chapters 4501., 4503., 4505., 4507., 4509., 4511., 4513., 4515., and 4517. of the Revised Code, and in the penal laws, except as otherwise provided:

"(A) 'Vehicles' means everything on wheels or runners * * * [with certain exceptions which are not relevant to this case].

"(B) 'Motor vehicle' means any vehicle, including manufactured homes and recreational vehicles, propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires * * * [with numerous exceptions which are not relevant to this case]."

Appellant contends that the definition in R.C. 4501.01(B) of "motor vehicle" is broad enough to include an aircraft and that this definition applies for the purpose of R.C. 4549.13.

The state disputes the applicability of R.C. 4501.01 and instead argues that the definition of "motor vehicle" provided in R.C. 4511.01 is the appropriate definition for the purpose of R.C. 4549.13. Under R.C. 4511.01:

"As used in this chapter and in Chapter 4513. of the Revised Code:

"(A) 'Vehicle' means every device, including a motorized bicycle, in, upon, or by which any person or property may be transported or drawn upon a highway * * * [with certain exceptions which are not relevant to this case].

"(B) 'Motor vehicle' means every vehicle propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires * * * [with numerous exceptions which are not relevant to this case]."

The state contends that an aircraft is clearly not a "device * * * in, upon, or by which any person or property may be transported or drawn *upon a highway*," (emphasis added), R.C. 4511.01(A), and therefore an aircraft is not a "motor vehicle" under the definition set out in R.C. 4511.01(B).

R.C. 4501.01 specifies the chapters of the Revised Code to which its definitions apply, and, significantly, Chapter 4549 is not listed. Likewise, R.C. 4511.01 also does not expressly apply to Chapter 4549. Therefore, we conclude that neither R.C. 4501.01(B) nor R.C. 4511.01(B) defines "motor vehicle" for the purpose of R.C. 4549.13.

---

2. This court subsequently dismissed the state's appeal from that decision, concluding that it lacked jurisdiction to hear the appeal pursuant to R.C. 2945.67. *State v. Huxtable* (1983), 13 Ohio App.3d 371, 13 OBR 453, 469 N.E.2d 931.

We agree with the Crawford County Court of Appeals that "a close examination of R.C. 4549.13 clearly implies that the statute is intended to apply to land-operated vehicles. Besides requiring a police vehicle to be distinctively marked or of a distinctive color, the statute also requires at least one flashing, oscillating or rotating colored light mounted outside on top of the vehicle. It would not make sense to make such a requirement of an aircraft. Even if an aircraft should mount such a light, there is no way anyone on the ground could see it during the daylight hours. The same would apply if the aircraft had been marked. A person who is driving on a highway has an obligation to keep his or her eyes on the roadway, the traffic, pedestrians, and the surroundings, but certainly not on the sky in search of flying aircraft. Therefore, we do not believe R.C. 4549.13 was intended to apply to vehicles other than those traveling on the ground." *State v. Osting* (June 27, 1988), Crawford App. No. 3–86–21, unreported, at 7–8, 1988 WL 68698.

Our conclusion that an aircraft is not a "motor vehicle" for the purpose of R.C. 4549.13 is also supported by the legislative purpose behind this statute. "The intent of the Legislature in enacting this provision of law [R.C. 4549.13] was to provide uniformity in traffic control and regulation in an effort to make driving safer in all political subdivisions within the state." *Dayton v. Adams* (1967), 9 Ohio St.2d 89, 90, 38 O.O.2d 223, 224, 223 N.E.2d 822, 823.

"One of the safety concerns addressed by the General Assembly in enacting the statutes was the hazard to members of the public that inevitably would result should a police officer, not clearly identified as such, confront a driver and attempt to require him to follow the officer's instructions. It requires little imagination to contemplate the unfortunate consequences should a frightened motorist believe that he was being forced off the road by a stranger. The General Assembly sought to avoid such mischief by requiring police officers on traffic duty to be identified clearly." *Columbus v. Murchison* (1984), 21 Ohio App.3d 75, 76, 21 OBR 79, 81, 486 N.E.2d 236, 238.

Because a motorist on the ground is unlikely to observe lights and other markings on an aircraft in the air space above a highway, we do not believe that compliance with R.C. 4549.13 by State Highway Patrol aircraft would assist the public in identifying the aircraft. Additionally, because an aircraft pilot does not interact with the public by confronting a motorist and forcing the motorist off the road, the safety concerns addressed by R.C. 4549.13 are not implicated by an air-speed surveillance operation such as that conducted in this case. Therefore, we conclude that the legislature did not intend the term "motor vehicle" in R.C. 4549.13 to include aircraft.

We hold that an aircraft is not a "motor vehicle" for the purpose of R.C. 4549.13. Therefore, the failure of a State Highway Patrol aircraft to comply with

the requirements of R.C. 4549.13 does not render the pilot of such aircraft incompetent to testify under R.C. 4549.14 and Evid.R. 601(C). Consequently, the trial court did not err in finding Trooper Waters competent to testify in this case.

Finding no merit to appellant's argument, we overrule his single assignment of error and affirm his conviction for speeding in violation of R.C. 4511.21.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

JONES, P.J., KOEHLER and WALSH, JJ., concur.