JOURNAL ENTRY and OPINION
Defendant-appellant William L. Blake appeals from his conviction in the Parma Municipal Court for violation of a traffic ordinance, viz., failure to stop for a red traffic light.
Appellant contends his conviction must be reversed for several reasons. He first asserts the trial court failed to comply with statutory speedy trial requirements. He also asserts the magistrate lacked authority to try the case in the absence of appellant's written consent for referral. Appellant further asserts the magistrate improperly permitted the police officer who issued the citation to testify at trial. Finally, appellant asserts his conviction is not sustained by the weight of the evidence.
This court has reviewed the record and finds merit in none of appellant's contentions. Therefore, his conviction is affirmed.
Appellant's conviction results from an incident that occurred on August 18, 2000. At approximately 5:30 p.m., Officer Jeffrey Thompson of the Brooklyn, Ohio Police Department was in a "semi-marked"[1] police vehicle proceeding westbound on Memphis Avenue. Thompson followed a "black vehicle."
As Thompson approached the Roadoan Road intersection, the intersection's overhead traffic light "turned yellow". Thompson, at that time, observed "a Mercury station wagon" approaching the intersection from the opposite direction. The station wagon's driver, later identified as appellant, appeared to Thompson to be driving at "faster than the posted speed."
The vehicle preceding Thompson's "turned left in front of" appellant's station wagon. Appellant braked, then entered the intersection. By that time, however, the traffic light had turned red.
Thompson thereupon executed a "U-turn," activated his oscillating light, and stopped appellant. Appellant was issued a citation for violation of Brooklyn Ordinance 313.03(C), failure to stop for a red traffic light. The citation indicated a "court date" for appellant's appearance on September 14, 2000 at 8:00 a.m.
The record reflects that on September 12, 2000, upon appearing in the Brooklyn Mayor's Court, appellant executed a written "waiver of time for trial." The case was continued to September 28, 2000 at 8:00 a.m.
On September 28, 2000 appellant entered a plea of not guilty to the citation. The case thereupon was transferred to the Parma Municipal Court for further proceedings.
The Parma Municipal Court received the case the following day, The trial court's case jacket bears a check mark under the heading "Time Waiver Signed." Appellant's case was set for a pre-trial hearing on October 23, 2000 at 9:30 a.m.
On the date of the pre-trial hearing, the trial court issued a journal entry setting appellant's case for trial on November 13, 2000 at 2:00 p.m.
Appellant's case proceeded as scheduled. The record reflects appellant's trial was held before a trial court magistrate, who initially considered appellant's two oral motions. Appellant's first motion sought to dismiss the proceedings for failure to comply with speedy trial requirements. After hearing appellant's argument on this motion, the magistrate stated it would be taken "under advisement."
Appellant next argued Thompson's testimony should be suppressed.[2]
Appellant asserted Thompson was "incompetent" to testify as a witness. Appellant based this assertion upon "R.C. 4549.14 (sic) which requires a marked vehicle and [R.C.] 4549.16 which requires a distinctive uniform." Following the presentation of Thompson's testimony, the magistrate denied appellant's motion.
Appellant's case thereupon proceeded to trial. Appellant took no exception to this circumstance. The city called Thompson as a witness, then appellant testified in his own behalf. Before concluding the proceedings, the magistrate promised the parties he would make a decision shortly.
On November 30, 2000 the magistrate issued his written decision in appellant's case. In pertinent part, the magistrate denied both of appellant's pre-trial motions and found him guilty of the offense.
On December 13, 2000 the trial court sentenced appellant to pay a fine of $100 and to a thirty-day suspension of his driver's license. Upon appellant's motion, execution of appellant's sentence was stayed pending the outcome of appellant's appeal of his conviction.
Appellant presents four assignments of error for review. His first states:
 THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT-APPELLANT'S MOTION FOR DISMISSAL DUE TO FAILURE TO AFFORD A SPEEDY TRIAL AS PROVIDED IN R.C. SECTION 2945.71(A).
Appellant argues the case against him should have been dismissed for failure to comply with the speedy trial requirements contained in R.C.2945.71(A). This court disagrees.
In pertinent part, R.C. 2945.71(A) provides that a person against whom a charge is "pending" in a court "not of record," or against whom a minor misdemeanor charge is "pending" in a "court of record," must be brought to trial within thirty days after arrest or service of summons.
Appellant was charged with violation of a city ordinance. The Brooklyn Mayor's Court is not a court of record; therefore, the city was required to bring appellant to trial for the offense by September 18, 2000.[3]
Thus, the traffic citation ordered appellant to appear in mayor's court on September 14, 2000.
The foregoing date, however, apparently was inconvenient for appellant. On September 12, 2000 appellant appeared in mayor's court to sign a document that stated as follows:
 WAIVER OF TIME FOR TRIAL THE UNDERSIGNED DEFENDANT IN THE WITHIN MATTER, HAVING BEEN CHARGED WITH VIOLATING BROOKLYN ORDINANCE 313.02, HEREIN ACKNOWLEDGE[S] ORC 2945.71, RELATIVE TO TIME FOR TRIAL, AND "HEREIN WAIVE[S] ALL STATUATORY (SIC) AND CONSTITUTIONAL RIGHTS TO TRIAL WITHIN THE PROSCRIBED TIME LIMIT OF ORC 2945.71."
(Emphasis added.)
Clearly, appellant signed the foregoing waiver within the thirty-day statutory time limitation. Whitehall v. Rovnak (Oct. 24, 1992), Franklin App. No. 91AP-919, unreported; cf., Brecksville v. Cook (1996),75 Ohio St.3d 53; Brooklyn v. Blake (Oct. 8, 1998), Cuyahoga App. No. 73354, unreported. The waiver's language was inclusive; thus, it remained effective upon the "removal" of appellant's "pending" charge to municipal court. Id. at 57; State v. O'Brien (1987), 34 Ohio St.3d 7, syllabus 1;Richmond Heights v. Abrian (Aug. 24, 2000) Cuyahoga App. No. 76204, unreported; cf., State v. Jarvis (1997), 121 Ohio App.3d 105; Ashvillev. Sleffel (Apr. 26, 1999), Pickaway App. No. 98 CA 34, unreported; Statev. Carter (Mar. 31, 1998), Franklin App. No. 97APA08-976, unreported.
Moreover, upon the transfer of the case to municipal court, appellant subsequently filed no motions either withdrawing this waiver or demanding trial pursuant to Brecksville v. Cook, supra. State v. O'Brien, supra at syllabus 2; Village of Glenwillow v. Tomsick (1996), 111 Ohio App.3d 718;State v. Morgan (Sept. 13, 1996), Montgomery App. No. 15351, unreported;Richmond Heights v. Hoolin (Aug. 24, 1989), Cuyahoga App. No. 55818, unreported; cf., State v. Jefferson (Sept. 25, 1995), Stark App. No. 95-CA-0078, unreported.
Consequently, the trial court did not err in denying appellant's motion to dismiss the proceedings for failure to comply with speedy trial requirements.
Appellant's first assignment of error, accordingly, is overruled.
Appellant's second assignment of error states:
 THE COURT ERRED IN REFERRING DEFENDANT'S CONTESTED TRAFFIC CASE FOR TRIAL BEFORE THE MAGISTRATE IN VIOLATION OF TRAF.R. 14(C).
Appellant argues since he filed no written consent permitting his trial to be held before a referee, his conviction should be reversed. This court disagrees.
Traf.R. 14 provides:
 Traf R 14. MAGISTRATES (A) A court may appoint one or more magistrates for the purpose of receiving pleas, statements in explanation and in mitigation of sentence, and recommending penalty to be imposed, subject to exception taken by defendant and subject to confirmation by the court. Except as provided in division (D) of this rule, a defendant shall not be required to appear before a magistrate in lieu of appearance before a judge in open court, but may elect to appear before a magistrate.
* * *
 (C) A court may provide for the reference of contested cases to a magistrate for adjudication and written decision. Objections may be filed pursuant to division (E)(3) of Rule 53 of the Rules of Civil Procedure and, if filed, shall be considered by the court pursuant to division (E)(4)(b) of that rule. Except as provided in division (D) of this rule, contested cases shall not be referred to a magistrate without the written consent of the defendant. * * *
(Emphasis added.)
In issuing his written decision in this case, the magistrate set forth the following preamble:
 This matter came on for trial on November 13, 2000, before Magistrate * * * * * * * * * * *, sitting by assignment from Judge * * * * * * * * * * * *, and upon oral consent of the parties. The City of Brooklyn was represented by Prosecutor Marisa Marniella, the Defendant, who is an attorney-at-law, proceeded pro se.
(Emphasis added.)
It has been observed that "Traf.R. 14 prohibits contested cases from being referred to a referee (sic) for the reception of evidence unless the defendant consents in writing." Village of Boston Heights v. Weikle
(1991), 81 Ohio App.3d 165.
Nevertheless, the record reflects appellant, an attorney, did not object to his case being referred to a magistrate without his written consent. In fact, the magistrate states in his journal entry that the case was heard upon oral consent, and the transcript of appellant's trial supports this statement. Since regularity in the proceedings below is presumed, this court can assume only that, prior to trial, appellant affirmatively
acquiesced in this procedure.
Under these circumstances, appellant cannot be permitted on appeal to take advantage of the trial court's failure to strictly comply with the requirements of Traf.R. 14(C). North Ridgeville v. Ward (June 22, 1994), Lorain App. No. 93CA005742, unreported; cf., Willoughby Hills v. Davis
(Sept. 23, 1994), Lake App. No. 93-L-144, unreported; Bowling Green v.Allen (Aug. 29, 1986), Wood App. No. WD-86-11, unreported.
For this reason, appellant's second assignment of error is overruled.
Appellant's third assignment of error states:
 THE COURT ERRED IN ALLOWING OFFICER THOMPSON TO TESTIFY, CONTRARY TO THE REQUIREMENTS OF R.C. SECTION[S] 4549.13 THROUGH 4549.16.
Appellant argues Officer Thompson's testimony should have been excluded pursuant to R.C. 4549.14 for Thompson's failure both to be in a "marked" motor vehicle and to wear his uniform hat. Appellant's argument is unpersuasive.
The Ohio Supreme Court recently explained the rule of witness competency as contemplated by R.C. 4549.14 and its companion statutes inState v. Heins (1995), 72 Ohio St.3d 504. In relevant part, the court observed:
 * * * R.C. 4549.14 states that: "Any officer arresting, or participating or assisting in the arrest of, a person charged with violating the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, such officer being on duty exclusively or for the main purpose of enforcing such laws, is incompetent to testify as a witness in any prosecution against such arrested person if such officer at the time of the arrest was using a motor vehicle not marked in accordance with section 4549.13
of the Revised Code.
 R.C. 4549.13, in turn, provides that: "Any motor vehicle used by a member of the state highway patrol or by any other peace officer, while said officer is on duty for the exclusive or main purpose of enforcing the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, shall be marked in some distinctive manner or color and shall be equipped with, but need not necessarily have in operation at all times, at least one flashing, oscillating, or rotating colored light
mounted outside on top of the vehicle. The superintendent of the state highway patrol shall specify what constitutes such a distinctive marking or color for the state highway patrol." The interplay between the two statutes is such that R.C. 4549.14
essentially creates the sanction to be imposed for a failure to comply with R.C. 4549.13.
 R.C. 4549.15 and 4549.16 are similarly related. The provisions of R.C. 4549.15 and 4549.16 require that an officer whose primary duty is to arrest or assist with the arrest of individuals who violate traffic laws must wear a distinctive uniform as prescribed by the State Highway Patrol. An officer who fails to comply with R.C. 4549.15 will be deemed incompetent to testify as a witness in any prosecution against an arrested person pursuant to R.C. 4549.16.
 Through the enactment of these statutes, the legislature demonstrated an intent to provide uniformity in traffic control and regulation in an effort to make driving safer within Ohio's political subdivisions. Dayton v. Adams (1967), 9 Ohio St.2d 89, 38 O.O.2d 223, 223 N.E.2d 822. "It requires little imagination to contemplate the unfortunate consequences should a frightened motorist believe that he [or she] was being forced off the road by a stranger. The General Assembly sought to avoid such mischief by requiring police officers on traffic duty to be identified clearly." Columbus v. Murchison
(1984), 21 Ohio App.3d 75, 76, 1 OBR 79, 81, 486 N.E.2d 236, 238.
(Emphasis added.)
In this case, at the hearing on appellant's motion to suppress evidence, Thompson testified he was driving the police department's "semi-marked" vehicle on the day of the incident. He testified this vehicle is "all blue with a blue bubble type light on top and flashing red and blue [lights] in the back window," and also was "marked police on the side of it." Thus, his testimony proved he drove a vehicle which complied with R.C. 4549.13. "State v. Cavanaugh" (Apr. 19, 2000), Medina App. No. 2941-M, unreported; cf., "South Euclid v. Varassa-Burgess" (Oct. 12, 1995), Cuyahoga App. No. 68409, unreported (Patton, C.J., dissenting).
Similarly, Thompson testified he was in full police uniform, "except for the hat that * * * is not mandatory," to be worn while on duty. Since all that is required by R.C. 4549.15 is that the uniform be distinctly that of a police officer, his testimony proved he was competent to testify concerning his observations of appellant's driving infraction.State v. Calhoun (Feb. 17, 1994), Ashland App. No. CA-1060, unreported;State v. Mills (Sept. 29, 1993), Clark App. No. 3032, unreported.
Accordingly, appellant's third assignment of error also is overruled.
Appellant's fourth assignment of error states:
 THE FINDING OF THE COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
Appellant argues the trial court erred in convicting him on the basis that the weight of the evidence does not support a finding of guilt. This court disagrees.
The test to be applied when reviewing a claim that a conviction is against the manifest weight of the evidence was stated by the court inState v. Martin (1983), 21 Ohio App.3d 172 at 175 as follows:
 There being sufficient evidence to support the conviction as a matter of law, we next consider the claim that the judgment was against the manifest weight of the evidence. Here the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier-of-fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. * * * See Tibbs v. Florida (1982), 457 U.S. 31, 38, 42, 72 L.Ed.2d 652, 102 S.Ct. 2211.
(Emphasis added.)
Moreover, the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact; a reviewing court must not reverse a verdict where the trier of fact reasonably could conclude from substantial evidence that the city has proven the offense beyond a reasonable doubt. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1;State v. Eley (1978), 56 Ohio St.2d 169.
Thompson testified that he was observing appellant's station wagon as he was approaching the intersection. He testified that he saw the traffic light turn yellow as the "black vehicle" executed a left turn. He further testified that, from his perspective, appellant had time to stop for the light since it had turned red prior to the entry of appellant's vehicle into the intersection.
The trial court was within its prerogative to credit Thompson's trained observations over appellant's self-serving denials of any wrongdoing; therefore, this court cannot infer that the trial court clearly lost its way in resolving conflicts in the evidence. Its decision appellant was guilty of violation of Brooklyn Ordinance 313.01(C) thus was not against the manifest weight of the evidence. State v. Lamore (Dec. 4, 1998), Montgomery App. No. 17145, unreported.
Accordingly, appellant's fourth assignment of error also is overruled.
Appellant's conviction is affirmed.
In view of the foregoing, appellant's "motion to tax transcript as costs," which was referred to this merit panel for disposition, is denied.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., CONCURS; and TIMOTHY E. McMONAGLE, P. J., CONCURSIN JUDGMENT ONLY WITH CONCURRING OPINION.
[1] Quotes indicate testimony given by a witness at appellant's trial.
[2] Appellant's written motion to suppress evidence was not filed in the trial court until January 22, 2001.
[3] The thirtieth day, September 17, 2000, fell on a Sunday.