CITY OF DAYTON, APPELLEE, *v.* ADAMS, APPELLANT.

(No. 39838—Decided February 15, 1967.)

90

*Mr. Henry W. Phillips*, for appellee.

*Messrs. Bailie & Allen* and *Mr. David H. Bailie*, for appellant.

O'NEILL, J. The sole question presented to this court for determination is: Are municipal police cars, used in the enforcement of municipal ordinances regulating the speed of motor vehicles upon the streets of the municipality, required to be marked as provided in Section 4549.13, Ohio Revised Code?

The answer to this question is found in the statute itself, Section 4549.13, Revised Code, which says:

"Any motor vehicle used by a member of the state highway patrol or *by any other peace officer, while said officer is on duty* for the exclusive or main purpose of enforcing the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, shall be marked in some distinctive manner or color. * * *" (Emphasis added.)

The intent of the Legislature in enacting this provision of law was to provide uniformity in traffic control and regulation in an effort to make driving safer in all political subdivisions within the state. As Judge Herbert, speaking for a unanimous court, stated in *City of Cleveland Heights* v. *Woodle*, 176 Ohio St. 113, at page 116:

"* * * uniformity is essential both for traffic safety and for efficient traffic regulation."

It was also the intent of the Legislature, in part, in enacting this provision of law, to put a curb upon the speed traps which were often operated by "peace officers" of the municipalities and townships.

When the words, "laws of this state," are used, the generally accepted meaning is that this includes the state statutes and municipal ordinances.

" 'Ordinance' as a term of municipal law is the equivalent of 'legislative action,' and it may be included within the meaning of the term 'law,' * * *. Thus it is a local law of a municipality, * * * and is both a local law and, in a sense, a law of the state. * * *" 62 Corpus Juris Secundum 785, Municipal Corporations, Section 411.

The appellee relies principally upon the case of *Village of Brewster* v. *Hill*, 128 Ohio St. 354.

The court, in the opinion in the *Brewster case, supra*, referred to the explanation of the text of Section 2, Article IV of the Ohio Constitution, which explanation was submitted along with the text to the electorate for their decision at the polls. This explanation specifically defined and limited the word, "law," as used in Section 2 of Article IV of the Ohio Constitution, to "statute." The construction given to the word, "law," in the opinion in the *Brewster case* is, therefore, limited to the facts of that case.

Since the Dayton police cruiser operated by Officer Burns at the time of the arrest was not marked in accordance with Section 4549.13 of the Revised Code, Officer Burns was incompetent to testify as a witness for the prosecution against the appellant by reason of the provisions of Section 4549.14 of the Revised Code.

The judgment of the Court of Appeals is, therefore, reversed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, HERBERT, GRAY and BROWN, JJ., concur.

GRAY, J., of the Fourth Appellate District, sitting for SCHNEIDER, J.