THE STATE OF OHIO, APPELLEE, *v.* HUTH, APPELLANT.

[Cite as State *v.* Huth (1986), 24 Ohio St. 3d 114.]

(No. 85-1965—Decided June 18, 1986.)

*Thomas R. Boley,* chief prosecutor, for appellee.
*Herbert, Treadon, Benson & Frieg* and *John H. Frieg,* for appellant.

WRIGHT, J. This case requires a construction of R.C. 4549.14 and Evid. R. 601(C). R.C. 4549.14 provides:

"Any officer arresting, or participating or assisting in the arrest of, a person charged with violating the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, *such officer being on duty exclusively or for the main purpose of enforcing such laws,* is incompetent to testify as a witness in any prosecution against such arrested person if such officer at the time of the arrest was using a motor vehicle not marked in accordance with section 4549.13 of the Revised Code." (Emphasis added.)

Evid. R. 601(C), reiterating the foregoing statute, provides:

"Every person is competent to be a witness except:

"* * *

"(C) An officer, *while on duty for the exclusive or main purpose of enforcing traffic laws,* arresting or assisting in the arrest of a person charged with a traffic violation punishable as a misdemeanor where the officer at the time of the arrest was not using a properly marked motor vehicle as defined by statute or was not wearing a legally distinctive uniform as defined by statute." (Emphasis added.)

Because Mann's vehicle was not marked in accordance with R.C. 4549.13 and Ohio Adm. Code 311-3-01, his competency to testify against Huth hinges upon whether he was "on duty for the exclusive or main purpose of enforcing traffic laws." Evid. R. 601(C).

R.C. 4549.14 was enacted to provide uniformity in traffic control and to curb the "speed traps" that were often operated by municipal and township peace officers in unmarked cars. See *Dayton* v. *Adams* (1967), 9 Ohio St. 2d 89, 90 [38 O.O.2d 223]. The statute was certainly not intended

to inhibit all police officers, except those primarily on traffic duty, from arresting a person violating traffic or motor vehicle laws.

We read the phrase "on duty exclusively or for the main purpose of enforcing * * * [motor vehicle or traffic] laws" in R.C. 4549.14 and similar language in Evid. R. 601(C) to refer to the officer's main purpose for his whole period of duty and not to his duty during the apprehension and arrest of the suspect. *Columbus* v. *Stump* (1974), 41 Ohio App. 2d 81, 85 [70 O.O.2d 86], approved.

Mann's primary duty was airport security, not traffic law enforcement, at the time he observed Huth violating a traffic law. His decision to pursue and arrest her did not change the "main purpose" of his law enforcement duty as referred to in R.C. 4549.14 and Evid. R. 601(C). Therefore, we hold that Mann was competent to testify.

Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

HOLMES and C. BROWN, JJ., concur separately.

DOUGLAS, J., concurs in judgment only.

HOLMES, J., concurring. I must concur in the judgment here, but do so reluctantly because the phraseology of the statute would so require. However, the result is not a reasonable one, in my view, in that I believe that the public policy inherent in the Traffic Code should logically provide that all vehicles involved in apprehension of those involved in violations should be marked in a distinctive manner or color. It would seem that there is no more reasonable basis for a vehicle being used full-time in traffic enforcement to be appropriately marked as a police vehicle than one being utilized basically for security purposes, but also occasionally used, as here, for apprehending traffic violators.

C. BROWN, J., concurs in the foregoing concurring opinion.