**The STATE of Ohio (City of Broadview Heights)**

v.

**KAPLAN.**

Parma Municipal Court,
Cuyahoga County.

No. 94–TRD–05986–1–1.

Decided Nov. 22, 1994.

*Kevin Weiler,* for plaintiff Broadview Heights.

*Andrea K. Huston,* for defendant Michael J. Kaplan.

KENNETH R. SPANAGEL, Judge.

This matter came before the court upon the defendant's motion to suppress testimony/motion to dismiss, with briefs and exhibits, the city's brief in opposition, and the additional information as the court will present. The court, upon review of the same, makes the following findings of fact, conclusions of law, and judgment thereon.

This matter arises out of a speeding ticket issued by a police officer of the city of Broadview Heights, alleging a speed of seventy-four m.p.h. in a fifty-five m.p.h. zone on I–77 North. The traffic stop involved the use of the police department's motor vehicle which, unlike a standard police car, has limited markings and identification equipment in its use as a police vehicle (what would have been referred to in the past as an "unmarked" police car). The motion before the court is to suppress the testimony of the arresting officer or, in the alternative, to dismiss the charge, based upon the argument that the police vehicle was not properly marked so as to enable the police officer to testify under Evid.R. 601(C), and R.C. 4549.13, 4549.14, and 4549.16. These statutes would bar the testimony of the officer as incompetent unless the officer was using a properly marked motor vehicle as defined by R.C. 4549.13 and 4549.14.

R.C. 4549.13 sets forth the requirements for a motor vehicle to be used by a traffic officer. That section provides that a vehicle "shall be marked in some distinctive manner or color and shall be equipped with, but need not necessarily have in operation at all times, at least one flashing, oscillating, or rotating colored light mounted outside on top of the vehicle. The superintendent of the state highway patrol shall specify what constitutes such a distinctive marking or color for the state highway patrol."

Although the statute provides guidance to the State Highway Patrol, the determinations as to the requirements on a vehicle used by a local police department are left with the local police department. The ultimate question

before the court is whether or not the vehicle involved meets the requirements of law as to its markings.

In addition to reviewing the exhibits filed by the defendant, which include color photographs of the subject police vehicle, the court has also made an inspection of the arresting officer's vehicle, which is a gray Mustang 5.0 with normal Ohio license plate No. AJL784. The vehicle has all standard lighting equipment, but does not have any red and blue police-type lights inside the front grill work, nor is there a normal light bar attached to the top of the vehicle. (The department apparently uses a removable oscillating light when the vehicle is used in traffic operation.) The word "POLICE" is written in red paint on the lower portion of the door panels in a racing stripe design, wherein the letters are offset between and around them by three sets of horizontal racing stripe lines between each letter. This vehicle is used, among other purposes, for traffic enforcement by the city of Broadview Heights.

Defendant argues that the markings and equipment of the arresting officer's vehicle are not sufficiently identified as required under R.C. 4549.13. As described by the defendant's brief, the word "POLICE," which is "Reverse Weeded," makes the identification marking difficult to read and makes it difficult to identify the vehicle as a police car. The city contends that the vehicle is sufficiently identified, citing *State v. Huth* (1986), 24 Ohio St.3d 114, 24 OBR 306, 493 N.E.2d 961, which found that minimum markings on an airport security car, with a light and a siren but no other markings, were sufficient, and *Cleveland Hts. v. Woodle* (Ohio App.1963), 187 N.E.2d 398, where a pastel green car with $3\frac{1}{2}''$ height $\times$ $\frac{3}{4}''$ wide letters spelling "POLICE" was approved. (The court notes the city's argument that the letters in this case were larger in fact than the letters in the *Woodle* case.)

Due to legislative changes of R.C. 4549.13 in 1979, the requirements for what used to be called an "unmarked police car" for traffic enforcement were clarified. That statute then set forth minimum requirements for identification, so that although citizens would still probably refer to these vehicles as unmarked cars, they in fact have minimum markings to identify them as police vehicles. This is done not only for the protection of the officer, but also for the protection of traffic defendants, especially in situations presented to the court by the parties in which a stop recently occurred in Cleveland by persons impersonating police officers in traffic stops for the purposes of committing crimes upon the traffic offender. The court must therefore make a determination as to what should be the minimum identification items for a police vehicle.

The court has, in addition to the information presented, performed its own survey of a number of traffic-enforcement vehicles of other police departments in its jurisdiction. The purpose of this survey was to determine what other types of

vehicle identification were used in their so-called "minimum marked vehicles." The court notes the following results of that survey:

DEPARTMENT A: A black motor vehicle with 4″ black letters in darker shade, with the word "POLICE" along the upper right front quarter panel. The vehicle has a police department license plate, a permanently mounted blue-top flashing light, and red and blue lights inside the grill work.

DEPARTMENT B: A dark blue and gray vehicle with the words "POLICE" in silver 2″ letters along the front upper quarter panels and on the rear trunk. The vehicle has a police department license plate with a magnetically mounted blue oscillating light; additionally, the vehicle has headlights which flash alternately with red and blue police lights on the rear seat deck and a dashboard strobe, when activated.

DEPARTMENT C: A white vehicle with 5″ letters with the word "POLICE" on the upper front quarter panels. The vehicle has a removable blue roof light, with police department license plates and red and blue flashing lights on rear seat deck.

A review of the various police equipments identifies a number of patterns as to items consistently found in police vehicles of this type. These would include:

1. Police department license plates.

2. Reasonably identifiable letters in terms of size and color contrast, visible from reasonable distance.

3. Red and blue lights of a flashing nature located somewhere upon the vehicle, either on rear seat deck or inside front grill.

4. The statutorily required oscillating light with no consistency as to permanency or removability.

Clearly the vehicle involved here has minimum markings. The question that exists is whether or not it is sufficiently marked within the law for a permitted usage.

In *Woodle,* the court of appeals found that "so long as the marking or color provided by the police department *reasonably distinguishes the police automobiles* from other automobiles driven on the streets, the law is satisfied." (Emphasis added.) *Woodle, supra,* 187 N.E.2d at 400. In that case, the court found the vehicle acceptable where the word "POLICE" was imprinted on the right front fender of the vehicle in block letters 3½″ in height and ¾″ wide, the vehicle had a license plate bearing letters which designate a police department, and the lights on the front of the vehicle were supplemented with two red lights. The court found that all of the items mentioned sufficiently distinguished the police car from

other automobiles on the street so as to be a permitted police vehicle for a traffic enforcement.

█ The vehicle as used by the city of Broadview Heights fails to meet the requirements of the *Woodle* case because it is not sufficiently distinguished from other automobiles on the highway. The court specifically notes that the vehicle has regular license plates, as opposed to police department license plates; that the "POLICE" word identification is of a color (red on dark gray) which is difficult to see, especially at night (as in this case, where a stop was made at 10:41 p.m.); and the vehicle had no separate lights to flash or otherwise identify the police vehicle, other than the blue oscillating light. Also, the reverse weeding of the word "POLICE" makes it difficult to identify, as the blending of the racing stripe with the letters creates greater difficulty in reading the letters.

█ It is the finding of this court that in order for a vehicle to be properly identified for traffic enforcement, the following minimum requirements of R.C. 4549.13 must be met:

1. The vehicle must have the required oscillating light, which may be removable or permanently mounted.

2. The word "POLICE" must be in block letters of sufficient size and color contrast to the color of the vehicle to permit them to be visible from a reasonable distance. This would include not only appropriate color contrast and size, but also a location which would permit them to be seen by other vehicles. The front upper quarter panels would be an appropriate location, as would the rear of the trunk or the front of the hood, especially where the letters from those locations would be visible to a stopped driver in his rear-view mirror, or looking forward.

3. The vehicle should be equipped with some form of flashing lights in addition to normal hazard flashers, whether those flashing lights be red and blue or of some flashing or strobe nature as to be different and distinctive from a mere flashing of lights of a motor vehicle.

4. The vehicle should have a license plate identifying itself as a police vehicle; alternatively, if a vehicle is operated with regular Ohio passenger vehicle plates, the vehicle should have a greater number of identification words and/or more equipment which would be operated at the time of the traffic stop, to ensure that the defendant would be aware that he was stopped by a police vehicle.

It is the finding of the court that the arresting officer is incompetent to testify under Evid.R. 601(C) and R.C. 4549.14, as the vehicle used was not a properly marked vehicle. As the arresting officer is the only potential witness against the

defendant and is therefore incompetent to testify, the court grants defendant's motion as a motion to dismiss. The case is dismissed.

*Cause dismissed.*