**CITY OF HAMILTON, Appellee,**

**v.**

**JACOBS, Appellant.**

[Cite as *Hamilton v. Jacobs* (1995), 100 Ohio App.3d 724.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA93–10–195.

Decided Feb. 13, 1995.

*Gary L. Sheets,* Hamilton City Law Director, and *Samuel D. Borst,* Assistant Law Director, for appellee.

*Baden & Jones Co., L.P.A.,* and *David T. Davidson,* for appellant.

KOEHLER, Judge.

Defendant-appellant, Robert Jacobs, appeals from his September 9, 1993 conviction in the Hamilton Municipal Court for driving under the influence and driving under suspension. We affirm.

On May 6, 1993, Butler County Sheriff's Department Deputy Karen Jones was off duty and riding her personal motorcycle. Deputy Jones observed appellant's truck operating erratically and got behind appellant heading southbound on Seven Mile Avenue into the village of New Miami. Deputy Jones observed appellant's truck swerve off the road and strike the side of a bridge. Appellant continued up a hill, swerved to avoid hitting an opposing vehicle head on, and ran into a yard. Appellant eventually stopped at a stop sign at the intersection of North Wichita and Algonquin. When appellant's passenger got out to inspect the truck for damage, Deputy Jones pulled alongside, showed her badge, and identified herself as a deputy sheriff. Deputy Jones told appellant to stop until she could get a New Miami officer to respond. While appellant sat in his truck

with the motor running, Deputy Jones went to a nearby house to call for an officer. She asked a motorist who had pulled up behind, who happened to be a former New Miami police officer, to watch appellant and ascertain his direction if he drove away.

Corporal John Shumate of the New Miami Police Department received a dispatch of a possible DUI at the location and responded. Deputy Jones told Corporal Shumate what she had observed. When Corporal Shumate approached appellant's truck to ask appellant to turn off the motor, he noticed a "very strong" odor of alcohol coming from the truck cab. Corporal Shumate asked appellant for identification, and appellant said he did not have a driver's license. Corporal Shumate asked appellant how much he had been drinking and was told four to five beers. He asked appellant to step out of the vehicle for a field sobriety test, and observed that appellant nearly fell getting out of the truck, and that appellant walked to the back of the truck leaning his left hand up against it. Corporal Shumate also observed that appellant's face had a flushed appearance, his eyes were "very red and bloodshot," and his speech appeared slurred. After appellant failed three field sobriety tests, Corporal Shumate placed appellant under arrest for driving under the influence of alcohol. Deputy Jones had remained at the scene and gave Corporal Shumate a statement at the time of the arrest.

Appellant filed a motion to suppress any testimony by Deputy Jones, arguing that she was on duty for the purpose of enforcing traffic laws at the time of the incident and assisted in appellant's arrest while in plain clothes and using a unmarked vehicle. Appellant argued that Deputy Jones was incompetent to testify under R.C. 4549.14, 4549.16, and Evid.R. 601(C). The trial court overruled appellant's motion and found him guilty of driving under the influence and driving under suspension. Appellant raises three assignments of error on appeal:

Assignment of Error No. 1:

"The trial court should grant the defendant's motion to suppress the testimony of Deputy Karen Jones, pursuant to Rule 601(C), Ohio Rules of Evidence, and Sections 4549.14 and 4549.16 of the Ohio Revised Code."

Assignment of Error No. 2:

"The trial court should grant the defendant's motion to suppress because Corporal Shumate lacked probable cause or reasonable suspicion to stop the defendant and the detainment violated his Fourth and Fourteenth Amendment rights to be free from unreasonable searches and seizures."

Assignment of Error No. 3:

"The trial court should grant the defendant's motion to suppress because Corporal Shumate had no basis to execute a warrantless arrest of defendant for

misdemeanor charges of driving under the influence and driving under suspension, offenses which did not occur in the officer's presence."

In his first assignment of error, appellant argues that Deputy Jones was incompetent to testify because she was on duty for the purpose of traffic law enforcement at the time of her contact with appellant and was not driving a marked police vehicle or wearing a uniform as required by statute. R.C. 4549.14 provides:

"Any officer arresting, participating or assisting in the arrest of, a person charged with violating the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, such officer being on duty exclusively or for the main purpose of enforcing traffic laws, is incompetent to testify as a witness in any prosecution against such arrested person if such officer at the time of the arrest was using a motor vehicle not marked in accordance with section 4549.13 of the Revised Code."

R.C. 4549.16 contains identical language with regard to wearing a police uniform. Evid.R. 601(C) provides that "[a]n officer, while on duty for the exclusive or main purpose of enforcing traffic laws, arresting or assisting in the arrest of a person charged with a traffic violation punishable as a misdemeanor where the officer at the time of the arrest was not using a properly marked motor vehicle as defined by statute or was not wearing a legally distinctive uniform as defined by statute" is not competent to be a witness.

The state argues that appellant waived his right to appeal the issue of Deputy Jones's competency to testify because he did not file a motion to dismiss or a motion *in limine* prior to the suppression hearing and did not renew his objection during a trial on the merits. Appellant did file a motion to suppress and, when the issue of Deputy Jones's competency to testify was raised at the suppression hearing, the trial court gave both sides the opportunity to submit briefs on the issue prior to its decision on the motion. Therefore, this court will examine the merits of appellant's argument.

In *State v. Huth* (1986), 24 Ohio St.3d 114, 24 OBR 306, 493 N.E.2d 961, an airport security officer stopped a motorist for a traffic violation on a public road adjacent to airport property. The Supreme Court, in holding that the officer was competent to testify, said that "the phrase 'on duty exclusively or for the main purpose of enforcing [traffic] laws' in R.C. 4549.14 and similar language in Evid.R. 601(C) [refers] to the officer's main purpose for his whole period of duty and not to his duty during the apprehension and arrest of the suspect." *Id.* at 116, 24 OBR at 307, 493 N.E.2d at 963. Appellant cites this court's decision in *State v. Heatherly* (Dec. 21, 1992), Butler App. No. CA92-05-080, unreported, 1992 WL 379356, where we distinguished *Huth,* as factually analogous to the

instant case. In *Heatherly,* an off-duty officer in his personal vehicle observed a motorist driving erratically and followed him. The officer flashed his lights and honked his horn at the motorist until the motorist pulled over. This court found that the officer came on duty for the purpose of traffic law enforcement at the point he began following the motorist, and found him incompetent to testify.

Although we do not abandon our ultimate holding in *Heatherly,* in light of the apparent conflict with the Supreme Court's decision in *Huth,* we overrule *Heatherly* to the extent that we concluded that following a vehicle in an unmarked car, without more, constitutes enforcement of traffic laws within the meaning of R.C. 4549.14. This does not offend the legislative intent, which was to curb the use of speed traps and to prevent the "unfortunate consequences should a frightened motorist believe that he was being forced off the road by a stranger." *Columbus v. Murchison* (1984), 21 Ohio App.3d 75, 76, 21 OBR 79, 81, 486 N.E.2d 236, 237–238.

Deputy Jones was off duty at the time she observed appellant driving erratically and began following him. Deputy Jones was not operating a speed trap, nor did she attempt to pull appellant over using an unmarked vehicle. When appellant stopped of his own accord, Deputy Jones showed him her badge and identified herself as a police officer. Deputy Jones then called for an on-duty police officer to respond to the scene. Therefore, we conclude that Deputy Jones was not on duty for the purpose of enforcing traffic laws within the statutory meaning of R.C. 4549.14 or 4549.16. Since the statutory language requires that all elements be met in order to render an officer incompetent to testify, we need not reach the issue of whether Deputy Jones assisted in appellant's arrest. The trial court did not err in its finding that Deputy Jones was competent to testify as a witness. Appellant's first assignment of error is overruled.

In appellant's second and third assignments of error, he argues that Corporal Shumate lacked a reasonable and articulable suspicion to stop and detain appellant and lacked probable cause to arrest him for misdemeanor offenses which did not occur in the officer's presence. Neither argument is well taken.

A police radio broadcast may provide the basis for an investigative stop even where the detaining officer lacks all of the underlying information justifying the stop. *State v. Holmes* (1985), 28 Ohio App.3d 12, 16, 28 OBR 21, 25, 501 N.E.2d 629, 634–635. The stop is constitutionally valid if the dispatching officer issued the broadcast based upon articulable facts leading to a reasonable suspicion that the individual was involved in criminal activity. *United States v. Hensley* (1985), 469 U.S. 221, 230–232, 105 S.Ct. 675, 682, 83 L.Ed.2d 604, 613–614.

In this case, the radio dispatch was based upon a telephone call from another police officer. Deputy Jones remained at the scene and repeated her information to Corporal Shumate when he responded to the dispatch. Corporal Shumate noticed the strong odor of alcohol coming from the cab of appellant's truck before he asked appellant to turn off the motor. Deputy Jones's observation of the vehicle's erratic operation provided the requisite reliability and articulable facts to support Corporal Shumate's stop as reasonable, and was corroborated by Corporal Shumate's initial contact with appellant.

Appellant also argues that Corporal Shumate lacked probable cause to arrest him. Generally, an officer may not make a warrantless arrest for a misdemeanor offense unless the offense occurs in the officer's presence. *State v. Henderson* (1990), 51 Ohio St.3d 54, 56, 554 N.E.2d 104, 106–107. There is a recognized exception, however, for such an arrest "where the officer has probable cause to believe that the suspect was operating a motor vehicle while under the influence of alcohol or drugs." *Id.,* citing *Oregon v. Szakovits* (1972), 32 Ohio St.2d 271, 61 O.O.2d 496, 291 N.E.2d 742.

When Corporal Shumate arrived at the scene in response to the dispatch, Deputy Jones was still there, and she repeated her observations as to appellant's erratic driving. Appellant was still sitting behind the wheel of the truck with the motor running, a clear indication that appellant had been driving the vehicle. Corporal Shumate also noticed a strong odor of alcohol in the truck, appellant's unsteady movements, slurred speech, and bloodshot eyes. Corporal Shumate administered the field sobriety tests, which appellant failed, and Shumate could reasonably have concluded that appellant had been driving the vehicle while intoxicated. Thus, under the *Szakovits* exception, Corporal Shumate had probable cause to arrest appellant. Based upon the above, appellant's second and third assignments of error are overruled. The trial court did not err in overruling appellant's motion to suppress.

*Judgment affirmed.*

WALSH, P.J., and WILLIAM W. YOUNG, J., concur.