JOURNAL ENTRY AND OPINION
Sean Corrigan appeals from a Euclid Municipal Court judgment entered pursuant to his no contest plea to a speeding charge. Corrigan moved to dismiss the case, challenging the competency of the arresting officer to testify against him, claiming that the police vehicle was not marked in a distinctive manner as mandated by R.C. 4549.13.
The issue presented in this appeal arises from the syllabus in Daytonv. Adams (1967), 9 Ohio St.2d 89, 223 N.E.2d 822, which provides:
 2. A municipal police officer, who is on duty exclusively or for the main purpose of enforcing motor vehicle or traffic ordinances of the municipality, providing the offense is punishable as a misdemeanor, is incompetent to testify as a witness in any prosecution against a person he arrests or participates or assists in arresting for the violation of the motor vehicle or traffic ordinances of the municipality, if such officer, at the time of the arrest, was using a motor vehicle not marked in accordance with Section 4549.13, Revised Code.
Based on that authority, Corrigan urges trial court error in denying his motion to dismiss.
The City of Euclid, on the other hand, maintains that the court ruled correctly based on the courtroom testimony of the arresting officer.
After reviewing the record and the applicable law, we have concluded the trial court erred in finding the officer competent to testify and, therefore, we reverse the judgment of the court, vacate Corrigan's conviction, and remand the case with instructions to the court to correct its record consistent with this opinion.
On February 19, 2001, Euclid Police Officer Thomas M. Yanacek issued a speeding ticket to Corrigan for operating his 1995 Black BMW motor vehicle eighty miles per hour on Interstate 90. After receiving the citation, Corrigan filed a request for discovery seeking information as to which vehicle Yanacek had operated on February 19, 2001 when he issued the speeding ticket to Corrigan. In response, on or about March 14, 2001, the city forwarded a copy of the Euclid Police Department platoon assignment sheet for February 19, 2001. That document, delivered as part of the discovery process in this case, showed Yanacek assigned to Car 34, a silver vehicle not marked in a distinctive manner or color as mandated by R.C. 4549.13.
In court, Corrigan challenged the competency of Officer Yanacek to testify based on the provisions of R.C. 4549.13 and R.C. 4945.14, which provide as follows:
 § 4549.13 Motor vehicles used by traffic officers.
 Any motor vehicle used by a member of the state highway patrol or by any peace officer, while said officer is on duty for the exclusive or main purpose of enforcing the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, shall be marked in some distinctive manner or color and shall be equipped with, but need not necessarily have in operation at all times, at least one flashing, oscillating, or rotating colored light mounted outside on top of the vehicle. * * *
 § 4549.14 Incompetency of officer as witness.
 Any officer arresting, or participating or assisting in the arrest of, a person charged with violating the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, such officer being on duty exclusively or for the main purpose of enforcing such laws, is incompetent to testify as a witness in any prosecution against such arrested person if such officer at the time of the arrest was using a motor vehicle not marked in accordance with section 4549.13
of the Revised Code.
"The purpose of these requirements is to promote uniform traffic control in political subdivisions of the state and to prevent speed traps and other similar abuses in the enforcement of traffic laws." City ofSouth Euclid v. Varasso-Burgess (Oct. 12, 1995), Cuyahoga App. No. 68409, unreported, 1995 Ohio App. LEXIS 4517, at 6, citing Dayton v.Adams (1967), 9 Ohio St.2d 89, 90.
Prior to trial on March 21, 2001, in the Euclid Municipal Court, a meeting occurred between the prosecutor, defense counsel, and the arresting officer where the prosecutor advised defense counsel in the presence of Officer Yanacek that the officer operated Car 34 on the day he cited Corrigan. This can be gleaned from the opening portion of the cross-examination of Officer Yanacek, at Tr. 16:
BY MR. SUMMERS:
Q. Officer, we just met earlier, didn't we?
A. Yes. In the Prosecutor's Office.
 Q. And you have testified here under oath that you were in Car No. 32?
A. That's correct.
 Q. Were you present when I asked in that room what car you were in?
A. Yes.
 MR. SUMMERS: I'm asking this question, Your Honor, pursuant to 801(D)(2)(d).
Q. Do you remember the response of Mr. Wiegand?
A. Yes. I think he said 34.
Further, at trial on March 21, 2001, the court admitted Exhibit D-2B, an altered copy of the platoon assignment sheet which had been provided to Corrigan during discovery and which had the number 32 written over the number 34 as to the vehicle assigned to Officer Yanacek on February 19, 2001. The city also presented Officer Yanacek, who testified that he operated Car 32 on February 19, 2001. No explanation for the change appears in the platoon assignment sheet, but Officer Yanacek testified as follows during his cross-examination:
 Q. Do you see a couple of changes between — Do you see any changes between D-1 and D2B?
 A. Yeah. D-2 there's a 32 written over 34 because I was assigned to 32 that day.
Q. You made that change?
 A. No. No. This is the copy that was in the dispatch. When I code it in at the start of my shift I said who wrote that. Probably the dispatch.
Q. You don't have any idea, do you?
A. No, I don't have any idea.
Q. So I would —
A. I would assume the dispatch.
 Q. So you would agree with me the records of this police department, the original records, show you in 34?
 A. Yes. This was made by my captain on day shift first thing in the morning.
Q. I see.
A. Yeah.
 Q. And it shows you in the afternoon going to be in that car, right?
A. Right.
 Q. And it shows in the afternoon, sir, that Car 32 was out of service?
A. No. Well —
Q. All I'm asking you is what does it show?
A. It looks that way, yes. Yes, it looks that way.
(Tr. 19-20.) (Emphasis added.)
Further, the court admitted Exhibit D-2A, an "out of service" record showing that Car 34 would be out of service for the shift from 1400-2200 hours on February 19, 2001; however, the number 34 had been scribbled over and the number 32 had been written beside it. Officer Yanacek also acknowledged this alteration at Tr. 33. The ticket given to Corrigan evidences that Officer Yanacek issued it at 1422 hours, or 2:22 p.m., on February 19, 2001, when Car 34 would have been out of service. Officer Yanacek's explanation regarding this alteration at first review seems plausible. At Tr. 29-30, he testified as follows:
 Q. (BY MR. WIEGAND) Okay. Was there a problem with your car on this day, Car 32.
A. Yes.
Q. Was it in the shop?
 A. It was at the Ford dealer during the morning. It came back I think before noon on that day.
 Q. When you left for — arrived for your shift, was Car 32 there?
A. Yes. It was in the parking lot waiting for me.
 Q. And you did use Car 32 that day for your job and your duties?
A. Yes, I did, sir.
 Q. You were in 32 then. Were you in 32 then when you wrote the ticket?
A. Yes, sir, I was.
(Emphasis added.)
Two aspects of this testimony are inconsistent with the other evidence offered in court. First, the officer testified that he questioned who had made the change of vehicle when he coded it in at the start of his shift; however, because Corrigan had requested and received a copy of the platoon assignment sheet on March 14, 2001, which showed Officer Yanacek assigned to Car 34, the alteration to that document had to have been made sometime after Corrigan received it, not at the time Yanacek coded it in at the start of his shift.
Second, the evidence shows that Captain Nosse made out the platoon assignment sheet in the morning and had Car 32 out of service for the afternoon of February 19, 2001. Officer Yanacek testified that Car 32 had been at Ford for service that morning but available for his shift. The difficulty with this testimony is that both Exhibits D-1 and D-2B, the original and altered platoon assignment sheets, contain vehicle assignments for both the morning and afternoon shifts, and both exhibits reveal that Car 32 had been assigned to Officer Kraubs, Badge No. 79, for the entire morning shift. Car 32, however, did not appear on Captain Nosse's afternoon assignments because it had been scheduled to be out of service from 1400-2200 hours.
Thus, with the exception of the officer's own testimony, all of the evidence presented to the court — consisting of the prosecutor's representation to defense counsel that Officer Yanacek operated Car 34 on February 19, 2001, as admitted by Officer Yanacek on the witness stand; the original platoon assignment sheet given to Corrigan during discovery showing Yanacek's assignment to Car 34 from 1400-2200 hours; both the original platoon assignment sheet and the altered assignment sheet showing Officer Kraubs' assignment to Car 32 from 0600 to 1400 hours; and the out-of-service record showing that Car 32 would be out of service from 1400 to 2200 — demonstrates Officer Yanacek operated Car 34 on February 19, 2001. His uncorroborated, contrary statement does not change this evidence.
At Tr. 22, the court admitted its confusion on the issue of Officer Yanacek's competency to testify:
 THE COURT: How does what car he's in deal with competency? Maybe it deals with credibility, some remote credibility issue.
After being presented with a copy of South Euclid v. Varasso-Burgess,supra, the court recessed and, upon returning to the courtroom, stated in part:
 * * *, I do not believe that at this time based upon the testimony given by Officer Yanacek that he is incompetent to testify. I do realize that there is some contention as to what motor vehicle he was in. (Emphasis added.)
The difficulty with the court's ruling is two-fold: First, the platoon assignment sheets and out-of-service records are business records of the City of Euclid; any inconsistency about which vehicle Officer Yanacek operated arose solely from his uncorroborated testimony contradicting them, and puzzling questions linger as to the unexplained changes made in those documents.
Second, although the court had been called upon to dismiss the case based upon the alleged incompetency of the officer to testify, the court made its determination "based upon the testimony given by Officer Yanacek." The "credibility" issue referred to by the court arises only with respect to the court's ability to believe all, part or none of the testimony of a witness. Assuming the court believed all or part of the officer's testimony, it either ignored or failed to recognize the conflicts between that testimony and the documentary evidence establishing that he operated Car 34 on February 19, 2001. A party to a court proceeding may not represent one position with documentary evidence in discovery, contradict that representation with uncorroborated testimony at trial, and then urge the situation presents a "credibility" issue for the court to consider, ignoring the conflicts between the physical exhibits and the testimony. The court in this case failed to address this conflict.
Accordingly, we have concluded the trial court erred in denying Corrigan's motion to strike the officer's testimony. Car 34 does not satisfy the requirements of R.C. 4549.13; therefore, the court should have declared Officer Yanacek incompetent to testify as a prosecution witness in this case. For these reasons, we reverse the judgment of the trial court, vacate the conviction, and remand this case with instructions to the court to correct its record.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion, and the lower court's judgment is hereby vacated.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the Euclid Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J. CONCURS TIMOTHY E. McMONAGLE, A.J.DISSENTS (See separate opinion)