OPINION
{¶ 1} Appellant Troy Lumpkin appeals his conviction, in the Licking County Municipal Court, challenging the competency of an investigating officer to testify at his trial. The following facts give rise to this appeal.
 {¶ 2} On the evening of June 21, 2005, officers from the Newark Police Department were engaged in Team 7 investigative activities. "Team 7" is a low-level crime team that assists the Central Ohio Task Force. Officers working on Team 7 are in plain clothes and drive unmarked units in high crime areas. If Team 7 officers observe a traffic violation, they contact a marked unit that will make a traffic stop if the officer, in the marked unit, observes a traffic violation. The purpose of this arrangement is to allow for further investigative activities in high-crime areas.
 {¶ 3} On the evening in question, Patrolman Doug Wells observed appellant driving a vehicle within the city limits. Patrolman Wells believed appellant was driving under suspension and contacted dispatch to confirm appellant's driving status. Upon learning that appellant was driving under suspension, Team 7 requested the assistance of a marked unit. Patrolman Timothy Fleming, in a marked unit, assisted Team 7.
 {¶ 4} The patrolmen eventually located appellant seated on the front porch of a residence. Patrolman Wells approached appellant and asked him to leave the porch. Patrolman Wells explained why they were there and Patrolman Fleming asked appellant to accompany him to the cruiser. Patrolman Fleming cited appellant for driving under suspension.
 {¶ 5} On June 29, 2005, appellant appeared before the trial court and entered a plea of not guilty. Thereafter, following several continuances of the trial date, counsel for appellant filed a motion in limine seeking to exclude the testimony of several of the state's witnesses. Prior to the commencement of trial on January 17, 2006, the trial court indicated it would rule on appellant's motion during the course of the trial. Following defense counsel's cross-examination of Patrolman Wells, counsel sought to strike Patrolman Wells' testimony pursuant to Evid.R. 601(C). The trial court denied appellant's motion.
 {¶ 6} At the conclusion of the presentation of evidence, the trial court found appellant guilty and sentenced him to thirty days in jail, a $250.00 fine, court costs and suspended his driver's license for thirty days. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 7} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN DETERMINING, OVER THE OBJECTIONS OF THE ACCUSED, THAT THE CHALLENGED WITNESSES WERE COMPETENT TO TESTIFY HEREIN."
 I {¶ 8} In his sole assignment of error, appellant maintains the trial court erred when it failed to exclude the testimony of Patrolman Wells on the basis that he was incompetent to testify pursuant to Evid.R. 601(C). We disagree.
 {¶ 9} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage
(1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Therefore, we will not disturb a trial court's evidentiary ruling unless we find said ruling to be an abuse of discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} In the case sub judice, appellant maintains the trial court abused its discretion when it admitted the testimony of Patrolman Wells as such testimony should have been excluded under Evid.R. 601(C). This rule provides as follows:
 {¶ 11} "Every person is competent to be a witness except:
 {¶ 12} "(C) An officer, while on duty for the exclusive or main purpose of enforcing traffic laws, arresting or assisting in the arrest of a person charged with a traffic violation punishable as a misdemeanor where the officer at the time of the arrest was not using a properly marked motor vehicle as defined by statute or was not wearing a legally distinctive uniform as defined by statute."
 {¶ 13} Thus, "[t]he predicate exceptions of the cited rule * * * are that the officer must be on duty for the exclusive purpose of enforcing traffic laws or must be the arresting officer or participating or assisting in the arrest of the defendant." State v. Burke (Mar. 15, 2001), Fairfield App. No. 00CA42, at 3.
 {¶ 14} The Ohio Supreme Court adopted Evid.R. 601(C) as a restatement of R.C. 4549.14[1] and R.C. 4549.16[2] in order to preserve the provisions of each statute. State v.Heins, 72 Ohio St.3d 504, 506, 1995-Ohio-208. "Through the enactment of these statutes, the legislature demonstrated an intent to provide uniformity in traffic control and regulation in an effort to make driving safer within Ohio's political subdivisions. Dayton v. Adams (1967), 9 Ohio St.2d 89, 38 O.O.2d 223, 223 N.E.2d 822. `It requires little imagination to contemplate the unfortunate consequences should a frightened motorist believe that he [or she] was being forced off the road by a stranger. The General Assembly sought to avoid such mischief by requiring police officers on traffic duty to be identified clearly.' Columbus v. Murchison (1984), 21 Ohio App.3d 75, 76,21 OBR 79, 81, 486 N.E.2d 236, 238. In addition to issues of safety and public welfare, the legislature also adopted R.C.4549.13 through 4549.16 in an attempt to curb the use of speed traps within municipalities. See Adams, 9 Ohio St.2d at 90, 38 O.O.2d at 224, 223 N.E.2d at 824." Id.
 {¶ 15} In denying appellant's motion in limine, the trial court concluded that Patrolman Wells was permitted to testify because he was not on duty for the main purpose of enforcing the traffic laws. Tr. at 17-18; 27. On appeal, appellant sets forth several arguments in support of his claim that the trial court abused its discretion when it denied his motion in limine as it pertains to Patrolman Wells' testimony. First, appellant argues Patrolman Wells' testimony should have been excluded under Evid.R. 601(C) because he was not in a marked vehicle; he was not in uniform; and as a patrolman assigned to the Newark Police Department his primary duty was to enforce the traffic laws of the State of Ohio and City of Newark.
 {¶ 16} Second, appellant challenges the trial court's decision on the basis that it relied almost exclusively on the fact that Patrolman Wells was involved in Team 7 investigative activities. Appellant maintains the patrolman's activities, at the time of his arrest, should have been the trial court's focus. This argument challenges the trial court's application of the holding in State v. Huth (1986), 24 Ohio St.3d 114, paragraph one of the syllabus, to the facts of the case sub judice.
 {¶ 17} In the Huth decision, the Ohio Supreme Court defined the phrase "on duty exclusively or for the main purpose of enforcing * * * [motor vehicle or traffic] laws[.]" In doing so, the Court concluded the phrase "* * * refer[s] to the officer's main purpose for his whole period of duty and not to his duty during the apprehension and arrest of the suspect." Id. TheHuth case involved a sheriff's deputy assigned to airport security. Id. at 114. While patrolling airport property, which required him to travel public roads, the deputy observed the defendant fail to stop at a stop sign. Id. at 114-115. The deputy followed the defendant before stopping and arresting her. Id. at 115. Prior to trial, the defendant filed a motion to dismiss challenging the deputy's competency to testify under Evid.R. 601(C). Id. The trial court denied the defendant's motion to dismiss and she thereafter entered a plea of no contest. Id.
 {¶ 18} On appeal to the Ohio Supreme Court, the Court began its analysis by first noting that because the deputy's vehicle was not marked, his competency to testify against the defendant hinged upon whether he was "on duty for the exclusive or main purpose of enforcing traffic laws." Id. In concluding that the deputy was competent to testify, the Court stated as follows:
 {¶ 19} "Mann's [the deputy's] primary duty was airport security, not traffic law enforcement, at the time he observed Huth [the defendant] violating a traffic law. His decision to pursue and arrest her did not change the `main purpose' of his law enforcement duty as referred to in R.C. 4549.14 and Evid.R. 601(C). Therefore, we hold that Mann was competent to testify." Id. at 116.
 {¶ 20} Based upon the Huth decision, we find the trial court properly focused on Patrolman Wells' main purpose for his whole period of duty, which was Team 7 investigative activities. Although appellant would have us focus on the fact that Patrolman Wells verified appellant's driving status, assisted in locating appellant and initially approached appellant on the front porch of a residence, we do not find this changed the nature of Officer Wells' whole period of duty in such a way as to make his testimony incompetent under Evid.R. 601(C).
 {¶ 21} Also in support of this assignment of error, appellant relies upon this Court's decision in State v. Stevens (Dec. 20, 1993), Stark App. No. CA-9289. In Stevens, an off-duty patrolman, in an unmarked unit, observed a vehicle driving erratically and began following it. Id. at 1. The patrolman radioed what he had observed and requested assistance. Id. Two officers, from a neighboring jurisdiction, in marked vehicles with oscillating lights, stopped the defendant's vehicle. Id. Thereafter, the off-duty patrolman stopped his vehicle behind the defendant, approached the defendant's vehicle and ordered him to exit. Id. The off-duty patrolman handcuffed the defendant and placed him under arrest. Id.
 {¶ 22} Subsequently, an officer arrived on the scene, took custody of the defendant and issued two traffic citations. Id. Prior to the commencement of trial, the defendant filed a motion to suppress all evidence obtained from his arrest. Id. In granting said motion, the trial court concluded the officer came back on duty, from off-duty, for the specific purpose of enforcing Ohio Traffic Laws and no other purpose. Id. As such, the trial court found the off-duty patrolman incompetent to testify. Id.
 {¶ 23} On appeal to this Court, we affirmed the trial court's decision and held as follows:
 {¶ 24} "Pursuant to the trial court's finding, Officer Brown [off-duty patrolman] was on duty exclusively or for the main purpose of enforcing the traffic laws. Officer Brown, in a vehicle not marked in accordance R.C. § 4549.13, pursued appellee [defendant] as a `possible drunk driver' which offense is punishable as a misdemeanor. There is no question that Officer Brown participated and/or assisted in the arrest of appellee for drunk driving. From this evidence, it is clear that Officer Brown was incompetent to testify in the prosecution of appellee for the traffic offenses charged." Id. at 2.
 {¶ 25} Appellant argues that like the off-duty patrolman inStevens, Patrolman Wells was on duty for the purpose of enforcing the traffic laws of the State of Ohio and was acting more than a lay person who had observed an offense being committed. We disagree with appellant's argument and find theStevens decision distinguishable from the facts of the case sub judice. First, as testified to by Patrolman Wells at trial, he was not on duty to enforce the traffic laws. Tr. at 8. Rather, he was on duty as part of the Team 7 investigative activities. Id. at 7-8. Other marked units worked with Team 7 to enforce the traffic laws. Id. at 8.
 {¶ 26} Second, Patrolman Wells did not stop appellant in his vehicle. Instead, after confirming that appellant was driving with a suspended license, Patrolman Wells as well as the patrolman in the marked unit, Patrolman Fleming, located appellant on the front porch of a residence. Id. at 15. Finally, Patrolman Wells did not arrest appellant or issue him a citation. Id. at 16. Based upon these factual distinctions, we find our decision in Stevens inapplicable to the matter currently before the Court.
 {¶ 27} Therefore, upon review of the facts of this case and the applicable law, we find the trial court did not abuse its discretion when it permitted Patrolman Wells to testify. The evidence established that Patrolman Wells was not on duty for the purpose of enforcing the traffic laws. Rather, Patrolman Wells was involved in Team 7 investigative activities. Although these investigative activities initially concerned traffic violations, Team 7 did not make any traffic stops based upon traffic violations they may have observed. Instead, patrolmen in uniform and driving marked units were radioed to observe these vehicles and make a traffic stop if they observed any further traffic violations.
 {¶ 28} Also we find Patrolman Wells did not participate or assist in appellant's arrest. The fact that Patrolman Wells may have assisted in the investigative work that ultimately led to appellant's arrest is not sufficient to disqualify him as a witness under Evid.R. 601(C). As established at trial, Patrolman Fleming arrested appellant and issued him a citation.
 {¶ 29} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 30} For the foregoing reasons, the judgment of the Licking County Municipal Court, Licking County, Ohio, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Licking County, Ohio, is affirmed.
Costs assessed to appellant.
[1] R.C. 4549.14 provides as follows: "Any officer arresting or participating or assisting in the arrest of, a person charged with violating the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, such officer being on duty exclusively or for the main purpose of enforcing such laws, is incompetent to testify as a witness in any prosecution against such arrested person if such officer at the time of the arrest was using a motor vehicle not marked in accordance with section 4549.13 of the Revised Code."
[2] R.C. 4549.16 provides as follows: "Any officer arresting, or participating or assisting in the arrest of, a person charged with violating the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, such officer being on duty exclusively or for the main purpose of enforcing such laws, is incompetent to testify as a witness in any prosecution against such arrested person if such officer at the time of the arrest was not wearing a distinctive uniform in accordance with section 4549.15 of the Revised Code."