[Cite as *Cleveland v. Davis*, 2018-Ohio-4706.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106780**

**CITY OF CLEVELAND**

PLAINTIFF-APPELLEE

vs.

**ANTIONE DAVIS
A.K.A. ANTOINE DAVIS**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2017 TRD 035345

**BEFORE:**  Keough, J., Kilbane, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**  November 21, 2018

**FOR APPELLANT**

Antoine Davis, a.k.a. Antione Davis, pro se
1669 Douglas Road
Wickliffe, Ohio 44092


**ATTORNEYS FOR APPELLEE**

Karrie Howard
Chief Assistant Prosecutor
Karyn J. Lynn
Assistant Prosecutor
City of Cleveland Law Department
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1}  Defendant-appellant Antione Davis, a.k.a. Antoine Davis, appeals from the judgment of the Cleveland Municipal Court, rendered after a bench trial, finding him guilty of failing to obey a traffic control device in violation of Cleveland Codified Ordinances ("CCO") 413.01, and failure to display a license plate in violation of CCO 435.09(A).  Finding no merit to the appeal, we affirm.

## I.  Background

{¶2}  On November 30, 2017, Davis was ticketed for violating CCO 413.01, obedience to traffic control devices; 437.28, using tinted glass and other vision obscuring materials; and 435.09(A), display of license plates.  Davis pleaded not guilty and the case proceeded to a bench trial.

**{¶3}** Cleveland Police Detective Christopher Allen testified that he works in the Vice Unit of the Cleveland Police Department. He said that on November 30, 2017, he and his partner were patrolling in an unmarked car looking for drug activity. Allen was not in uniform.

**{¶4}** Allen said that at approximately 1:54 p.m., he and his partner were in their unmarked cruiser facing northbound on East 71st Street behind Davis's vehicle, which was waiting to make a right turn to go eastbound on Harvard Avenue. Allen said that he initiated a traffic stop of Davis's vehicle after it turned onto Harvard because "[t]here's a no turn on red, during certain hours, up there. He took the turn on red." Allen testified that he could not recall the specific hours when a right turn on red is prohibited at that intersection but that Davis's right turn occurred during the hours when such a turn is prohibited. He testified further that a sign prohibiting a right turn on red during specific hours was clearly posted at the intersection.

**{¶5}** Allen said that after stopping Davis for the illegal turn, he observed that the tint on the windows in Davis's vehicle was too dark, and that he did not have a front license plate. Allen then cited Davis for the illegal turn, a tint violation, and lack of a front license plate.

**{¶6}** Davis, who represented himself at trial, gave a statement regarding what had happened on November 30, 2017, but did not cross-examine Allen. Davis stated that he had a front license plate on his vehicle, and asserted that because the unmarked cruiser was behind him at the light and the officers never looked at the front of his vehicle, they had no knowledge about his front license plate.

**{¶7}** Davis stated further that Allen initially said that he was going to give him a warning, and then advised him that "every time you come down here, you're a target." Davis questioned why he would be a target in that area simply because he drives a nice vehicle. On redirect, Allen

testified that he did not tell Davis that he would be a target, but advised him that he would likely be pulled over because of the window tint and the lack of a front license plate.

{¶8} The judge found Davis guilty of making an illegal right turn and not displaying a front license plate, and not guilty of the tint violation.[1] She sentenced him to a $75 fine on each violation and stayed the sentence pending appeal.

## II. Law and Analysis

### A. Competency of Witness

{¶9} In his first assignment of error, Davis contends that Allen was incompetent to testify because he was wearing plain clothes and driving an unmarked car while enforcing traffic laws. Accordingly, Davis contends that because his convictions were based solely on Allen's incompetent testimony, they should be vacated.

{¶10} Davis never raised this issue in the trial court. It is well settled that a party cannot raise new arguments and legal issues for the first time on appeal, and that the failure to raise an issue before the trial court waives that issue for appellate purposes. *Glendell-Grant v. Grant*, 8th Dist. Cuyahoga No. 105895, 2018-Ohio-1094, ¶ 11. Thus, Davis's failure to raise this issue in the trial court has waived it for appeal. Even if we were to consider the issue, however, we would find that Allen was competent to testify.

{¶11} Evid.R. 601(C) states that "every person is competent to be a witness except * * * an officer, while *on duty for the exclusive or main purpose of enforcing traffic laws* * * * where the officer at the time of the arrest was not using a properly marked motor vehicle * * * or wearing a legally distinctive uniform * * *." (Emphasis added.)

---

[1]Davis told the judge that after he was ticketed, he removed the tint from the vehicle windows.

**{¶12}** Various statutory provisions provide similar requirements. R.C. 4549.13, regarding motor vehicles used by traffic officers, provides that "[a]ny motor vehicle used by * * * any peace officer, while said officer is *on duty for the exclusive or main purpose of enforcing the motor vehicle or traffic laws of this state*, * * * shall be marked in some distinctive manner * * * and shall be equipped with * * * at least one * * * colored light mounted outside on top of the vehicle." (Emphasis added.)

**{¶13}** The consequences of violating R.C. 4549.13 are set forth in R.C. 4549.14, which provides:

> Any officer arresting, or participating or assisting in the arrest of a person charged with violating the motor vehicle or traffic laws of this state, * * * such officer being *on duty exclusively or for the main purpose of enforcing such law*, is incompetent to testify as a witness in any prosecution against such arrested person if such officer at the time of the arrest was using a motor vehicle not marked in accordance with section 4549.13 of the Revised Code. (Emphasis added.)

**{¶14}** The Ohio Supreme Court has interpreted the phrase "on duty for the exclusive or main purpose of enforcing [motor vehicle or traffic laws]" in R.C. 4549.14 and similar language in Evid.R. 601(C) to refer to the officer's main purpose for his whole period of duty, and not to his duty during the apprehension and arrest of the suspect. *State v. Huth*, 24 Ohio St.3d 114, 116, 493 N.E.2d 961 (1986), citing *Columbus v. Stump*, 41 Ohio App.2d 81, 85, 322 N.E.2d 348 (10th Dist.1974). Thus, if an officer's main purpose is something other than enforcement of traffic laws, but the officer arrests a traffic offender anyway, the officer need not be in a properly marked vehicle and legally distinctive uniform to be competent to testify to the arrest. *State v. Baum*, 4th Dist. Ross No. 99CA2489, 2000 Ohio App. LEXIS 254, *5 (Jan. 26, 2000), citing *Huth* and *State v. Butler*, 77 Ohio App.3d 143, 146, 601 N.E.2d 510 (4th Dist.1991).

**{¶15}** Allen testified that he was working primarily for the Vice Unit on November 30, 2017, "patrolling looking for drug activity, things of that nature." Accordingly, apprehension of

drug activity — not traffic enforcement — was the main purpose for his whole period of duty, and he was therefore not required to be in a properly marked vehicle and uniform at the time of the traffic stop in order to be competent to testify at trial.

{¶16} The first assignment of error is overruled.

**B.      Sufficiency of the Evidence**

{¶17} In his second assignment of error, Davis contends that his convictions are not supported by sufficient evidence.   Davis did not move in the trial court for Crim.R. 29 dismissal of the charges on the basis of insufficiency of the evidence.   In a bench or nonjury trial, however, a defendant's not guilty plea serves as a Crim.R. 29 motion.  *Dayton v. Rogers*, 60 Ohio St.2d 162, 163, 398 N.E.2d 781 (1979), *overruled on other grounds, State v. Lazzaro*, 76 Ohio St.3d 261, 667 N.E.2d 384 (1996).   Accordingly, Davis's not guilty plea preserved the issue for appellate review.

{¶18} The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial.   *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12.   An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.   The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.  *State v. Thompkins*, 78 Ohio St.3d 386, 678 N.E.2d 541 (1997).

{¶19} CCO 413.01, regarding obedience to traffic control devices, states that "[n]o pedestrian or driver of a vehicle shall disobey the instructions of any traffic control device placed

in accordance with the provisions of this Traffic Code * * *." It further provides that "[n]o provision of this Traffic Code for which signs are required shall be enforced against an alleged violator if at the time and place of the alleged violation an official sign is not in proper position and sufficiently legible to be seen by an ordinarily observant person."

{¶20} Davis contends that the evidence was insufficient to support his conviction for the illegal right turn because the city presented no evidence regarding the time during which a right turn on red is prohibited at the intersection of East 71st Street and Harvard Avenue. Allen testified, however, that although he did not remember the specific hours during which a right turn on red at that intersection is prohibited, Davis made the illegal right turn on red at around "13:54 hours * * * during the time frame in which a right-hand turn was prohibited." Allen's testimony, if believed, was sufficient to establish that Davis turned right on red during the time when such a turn is prohibited at the intersection in question.

{¶21} Davis further contends that the evidence was insufficient to support his conviction for an illegal right turn because there was no evidence that he entered the intersection after the light turned red. Allen testified, however, that as the officers waited in their unmarked cruiser behind Davis at the light, "[Davis] was getting ready to take a right-hand turn to go eastbound on Harvard. There's a no turn on red, during certain hours. *He took the turn on red.*" Allen testified further that he had a clear view of the traffic light when Davis turned right, and that "the traffic light was clearly red" when Davis turned. This testimony, if believed, was sufficient to establish that Davis made an illegal right turn on red. Viewing the evidence in a light most favorable to the prosecution, there was sufficient evidence to establish that Davis made an illegal right turn in violation of CCO 413.01.[2]

---

[2] Although Davis stated that he did not turn right on red, the trial judge apparently found Allen's testimony to be

**{¶22}** Davis also asks this court to overturn his conviction for failure to display a license plate in violation of CCO 435.09(A). He makes no argument, however, regarding why this conviction should be vacated, and we find no basis in the record to do so.

**{¶23}** Because Davis's convictions were supported by sufficient evidence, the second assignment of error is overruled.

**{¶24}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

MARY EILEEN KILBANE, P.J., and
EILEEN T. GALLAGHER, J., CONCUR

---

more credible. Davis does not make a manifest weight of the evidence argument, upon review of which we would weigh the evidence and consider the credibility of the witnesses to determine if the city had met its burden of persuasion at trial. *State v. Freeman*, 8th Dist. Cuyahoga No. 106374, 2018-Ohio-3587, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 388, 678 N.E.2d 541 (1997).