JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Reginald Barnes, appeals from the judgment of the Euclid Municipal Court, which found him guilty of violating Euclid Codified Ordinances 333.03, and 337.29(b)(1) relating to speeding and the use of seat belts.
{¶ 2} Barnes was cited for the aforementioned offenses on March 26, 2001. Prior to trial, Barnes filed a Motion to Suppress/Strike the Testimony of Officer Steven Hadyk. In his Motion to Suppress/Strike, Barnes argued that Officer Hadyk was incompetent to testify because he was using an improperly marked vehicle. The lower court reserved ruling on the motion and proceeded to trial.
{¶ 3} The testimony at trial revealed that on the date in question, Officer Hadyk was on patrol in Car No. 34 when he observed Barnes' vehicle traveling at a high rate of speed on eastbound Interstate 90. The officer laser clocked Barnes' vehicle traveling at 80 miles per hour, and thereafter proceeded to stop Barnes and issue a citation for speed and non-use of a seatbelt.
{¶ 4} On direct and cross-examination, the officer testified as to the markings on Car No. 34 identifying it as a police cruiser. At the conclusion of the trial, the lower court denied the appellant's motion and found him guilty of the cited offenses.
{¶ 5} It is the denial of the appellant's Motion to Suppress/ Strike which forms the basis for this appeal. For the following reasons, this appeal is well taken, and the conviction is hereby vacated.
{¶ 6} The appellant presents one assignment of error for this court's review:
 {¶ 7} THE TRIAL COURT ERRED IN ALLOWING THE INCOMPETENT WITNESS TESTIMONY AT TRIAL BY DENYING THE DEFENDANT/ APPELLANT'S MOTION TO SUPPRESS/STRIKE THE EVIDENCE AND TESTIMONY OF THE INCOMPETENT WITNESS.
{¶ 8} This court recently grappled with this very issue, dealing with the very same patrol car, in City of Euclid v. Corrigan (Feb. 28, 2002), Cuyahoga App. No. 79535. In Corrigan, the appellant appealed pursuant to his no contest plea to a speeding charge.[1] Moving to dismiss the case, the appellant challenged the competency of the arresting officer to testify against him, specifically, appellant claimed that the police vehicle was not marked in a distinctive manner as mandated by R.C. 4549.13. On appeal, this court held that the officer was incompetent to testify because Car No. 34 does not satisfy the requirements of R.C. 4549.13. Id.
{¶ 9} The competency for an officer to testify stems from the provisions of R.C. 4549.13, which specifies certain requirements for motor vehicles used by traffic officers:
 {¶ 10} Any motor vehicle used by a member of the state highway patrol or by any peace officer, while said officer is on duty for the exclusive or main purpose of enforcing the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, shall be marked in some distinctive manner or color and shall be equipped with, but not necessarily have in operation at all times, at least one flashing, oscillating, or rotating colored light mounted outside on top of the vehicle. * * *
{¶ 11} R.C. 4549.14 provides the requirements which must be met for an officer to be competent to testify:
 {¶ 12} Any officer arresting, or participating or assisting in the arrest of, a person charged with violating the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, such officer being on duty exclusively or for the main purpose of enforcing such laws, is incompetent to testify as a witness in any prosecution against such arrested person if such officer at the time of the arrest was using a motor vehicle not marked in accordance with section 4549.13 of the Revised Code.
{¶ 13} The purpose of these requirements is to promote uniform traffic control in political subdivisions of the state and to prevent speed traps and other similar abuses in the enforcement of traffic laws. South Euclid v. Varasso-Burgess (Oct. 12, 1995), Cuyahoga App. No. 68409, 1995 Ohio App. Lexis 4517, at 6, citing Dayton v. Adams (1967),9 Ohio St.2d 89, 90.
{¶ 14} We adopt the analysis in Corrigan, not only because the number of the car matches the number in this case, but also because the descriptions of the cars are consistent. Therefore, in light of the above and this court's previous holding in Corrigan, we can see no reason to deviate in ruling that Car No. 34 of the Euclid Police Department does not satisfy the requirements of R.C. 4549.13. As such, the appellant's conviction is vacated.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion, and the lower court's judgment is hereby vacated.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Euclid Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., AND DIANE KARPINSKI, J., CONCUR.
[1] The officer in Corrigan, as in the instant matter, was also driving Car No. 34. The infraction in Corrigan took place on February 19, 2001, while the infraction in the instant matter took place on March 26, 2001.