DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Walter Swann, appeals from the denial of his motion to suppress in the Cuyahoga Falls Municipal Court. This Court affirms.
 I. {¶ 2} At approximately 2:20 a.m. on July 18, 2006, Officer Brian Kozel of the Hudson Police Department was returning home from his shift. Officer Kozel observed a vehicle parked parallel to Laurel Lake Drive, blocking ingress and egress to that roadway. Officer Kozel then witnessed the car make an abrupt turn without using a turn signal. Officer Kozel followed the car and observed that it *Page 2 
was traveling between five and ten miles per hour. The car then made a second turn without using a turn signal. As the car turned a second time, Officer Kozel identified the car's license plate. At that point, Officer Kozel called into dispatch that he had a suspicious vehicle that he needed stopped.
 {¶ 3} Minutes later, Officer Giacomazza arrived on scene and pulled over the suspicious vehicle. As a result of the stop, appellant was charged with driving under the influence in violation of R.C. 4511.19. On September 19, 2006, appellant moved to suppress any evidence collected after the initial traffic stop. At a hearing on appellant's motion, the State presented the testimony of Officer Kozel. At the conclusion of the hearing and after receiving briefing from the parties, the trial court denied appellant's motion to suppress. Appellant, thereafter, pled no contest and was found guilty by the trial court. The trial court sentenced appellant accordingly. Appellant has timely appealed the trial court's judgment, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED AS A MATTER OF LAW TO THE PREJUDICE OF DEFENDANT AND ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT'S MOTION TO SUPPRESS, CONTRARY TO THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE, ON THE APPARENT SUPPOSITION AND ASSUMPTION THAT THE OFFICER WHO MADE THE TRAFFIC STOP EITHER POSSESSED OR KNEW OF REASONABLE SUSPICION TO MAKE THE STOP." *Page 3 
 {¶ 4} In his sole assignment of error, appellant asserts that the trial court erred in failing to suppress the evidence against him. Specifically, appellant argues that the officer in question lacked reasonable suspicion to pull over his vehicle. This Court disagrees.
 {¶ 5} In making its ruling on a motion to suppress, the trial court makes both legal and factual findings. State v. Jones (Mar. 13, 2002), 9th Dist. No. 20810. It follows that this Court's review of a denial of a motion to suppress involves both questions of law and fact. State v.Long (1998), 127 Ohio App.3d 328, 332. As such, this Court will accept the factual findings of the trial court if they are supported by some competent and credible evidence. State v. Searls (1997),118 Ohio App.3d 739, 741. However, the application of the law to those facts will be reviewed de novo. Id.
 {¶ 6} A traffic stop constitutes a seizure under the Fourth Amendment.Whren v. United States (1996), 517 U.S. 806, 809-10. An investigative traffic stop does not violate the Fourth Amendment where an officer has reasonable suspicion that the individual is engaged in criminal activity. Maumee v. Weisner (1999), 87 Ohio St.3d 295, 299. To justify an investigative stop, an officer must point to "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry v. Ohio (1968),392 U.S. 1, 21; Maumee, 87 Ohio St.3d at 299. A court must consider the totality of the circumstances in evaluating the facts and inferences supporting the stop. State v. *Page 4 Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus. "[I]f the specific and articulable facts available to an officer indicate that a driver may be committing a criminal act, which includes the violation of a traffic law, the officer is justified in making an investigative stop." State v. Shook (June 15, 1994), 9th Dist. No. 93CA005716.
 {¶ 7} Furthermore, a police officer need not always have knowledge of the specific facts justifying a stop and may rely upon a dispatch.Maumee, 87 Ohio St.3d at 297. This principle is rooted in the concept that effective law enforcement cannot be conducted unless officers can act on information transmitted by one officer to another, and that officers, who must often act quickly, cannot be expected to cross-examine their fellow officers about the foundation of the transmitted information. Id. The admissibility of evidence uncovered during a stop does not rest upon whether the officers relying upon a dispatch were themselves aware of the specific facts that led the colleagues to seek their assistance, but turns instead upon whether the officer who issued the dispatch possessed a reasonable suspicion to make a stop. Id., citing United States v. Hensley (1985), 469 U.S. 221, 231. Thus, if the dispatch has been issued in the absence of a reasonable suspicion, then a stop in objective reliance upon it violates the Fourth Amendment. Id. at 232. The state must therefore demonstrate at a suppression hearing that the facts precipitating the dispatch justified a reasonable suspicion of criminal activity. Maumee,87 Ohio St.3d at 298. *Page 5 
 {¶ 8} Initially, this Court notes that appellant has argued on appeal that there is no evidence in the record which demonstrates that the officer who pulled over appellant was responding to a dispatch. We disagree.
 {¶ 9} "[T]he state can establish facts through circumstantial evidence * * * insofar as reasonable inferences may be drawn from that evidence."State v. Rohr-George, 9th Dist. No. 23019, 2007-Ohio-1264, at ¶ 21. It is undisputed that Officer Kozel called in a suspicious vehicle to dispatch. Officer Kozel also "was calling out the vehicle's location as it kept moving." Within minutes of Officer Kozel's initial contact with dispatch and while Officer Kozel was still following the vehicle, Officer Giacomazza executed the traffic stop. The logical inference from this evidence is that Officer Giacomazza received information from dispatch to stop the suspicious vehicle that had been described by Officer Kozel. Accordingly, we find that the record contains competent, credible evidence that Officer Giacomazza received a dispatch to stop the vehicle.
 {¶ 10} In the instant matter, Officer Kozel testified that he witnessed the vehicle in question driving in an odd manner at 2:20 a.m. Officer Kozel stated that when he first witnessed the car, it was parked parallel to a roadway, blocking ingress and egress to the road. The officer then witnessed the vehicle drive between five and ten miles per hour while the speed limit varied between twenty-five and thirty-five miles per hour. Officer Kozel also stated that the car was braking erratically and made two turns while failing to use turn signals. These *Page 6 
latter observations, while minor traffic violations, justified stopping the vehicle. See Shook, supra.
 {¶ 11} On appeal, appellant asserts that the State failed to demonstrate that the police dispatch received all of these facts before ordering another officer to stop the car. Moreover, appellant argues that Officer Kozel must be treated as a lay person because he made these observations while he was off duty. This Court finds no merit in appellant's argument.
 {¶ 12} Officers are called upon to enforce the laws of the State of Ohio at all times. Other Ohio courts have determined that a police officer is always on duty, even for other purposes. See, e.g., State v.Horton (Dec. 26, 2000), 12th Dist. No. CA2000-04-024 (off-duty officer has a continuing right and obligation to enforce the law); Cleveland v.Floria, 121 Ohio Misc.2d 118, 2002-Ohio-7456 (a police officer, not in uniform, can testify in court about a traffic violation observed while not officially on traffic duty); Cooper v. Dayton (1997),120 Ohio App.3d 34, 45 (off-duty police officer who was injured when out of uniform and working a private detail and while attempting to arrest a shoplifting suspect is entitled to workers' compensation benefits);Warrensville Hts. v. Jennings (1991), 58 Ohio St.3d 206 (off-duty drug involvement is valid reason for dismissal of police officer because officer has continuing duty to obey and enforce the criminal law, even when off duty). *Page 7 
 {¶ 13} Upon observing illegal activity, Officer Kozel ordinarily would have been permitted to execute an investigatory stop himself. However, as he was off duty in an unmarked vehicle, he could not execute the stop. Accordingly, he called dispatch and relayed that a vehicle needed to be stopped. The State, through the testimony of Officer Kozel, demonstrated that the events that precipitated the dispatch justified a reasonable suspicion of criminal activity. As noted above, the information that was relayed by Officer Kozel is irrelevant to our determination. The issue turns instead upon whether the officer who issued the dispatch possessed a reasonable suspicion to make a stop.Maumee, 87 Ohio St.3d at 297-98. "If we were to hold otherwise, a police officer could never legally arrest a fleeing misdemeanant in response to a call for help from a fellow officer who saw the offense take place."State v. Henderson (1990), 51 Ohio St.3d 54, 57 (finding that the observations of fellow law enforcement officers can serve as the basis for a warrantless arrest).
 {¶ 14} We find the reasoning of Henderson persuasive. Officers must be able to rely upon the observations of fellow law enforcement personnel without a need to cross-examine those officers about specific details. Moreover, appellant has offered no rationale for his argument that this should not apply to observations made by off duty officers as well. Given that precedent that officers have a continuing duty to enforce the law, even when off duty, there is no justification for excluding off duty officers from the rationale espoused in Henderson. *Page 8 
Accordingly, having concluded that Officer Kozel had the required reasonable suspicion to request a dispatch, this Court finds that the investigatory stop of appellant's vehicle was proper. The trial court, therefore, properly denied appellant's motion to suppress.
 {¶ 15} Appellant's argument that Officer Kozel was somehow incompetent to testify also lacks merit. Evid.R. 601(C) provides as follows:
 "Every person is competent to be a witness except: * * * An officer, while on duty for the exclusive or main purpose of enforcing traffic laws, arresting or assisting in the arrest of a person charged with a traffic violation punishable as a misdemeanor where the officer at the time of the arrest was not using a properly marked motor vehicle as defined by statute or was not wearing a legally distinctive uniform as defined by statute."
As noted above, Officer Kozel was off duty at the time of the stop of appellant's car and did not arrest or assist in arresting appellant. Accordingly, Evid.R. 601(C) is wholly inapplicable to the facts at hand. See State v. Lumpkin, 5th Dist. No. 06 CA 11, 2006-Ohio-5353. InLumpkin, the Court held that "[t]he fact that [the off-duty officer] may have assisted in the investigative work that ultimately led to appellant's arrest is not sufficient to disqualify him as a witness under Evid.R. 601(C)." Id. at ¶ 28. See, also, Horton (holding that off-duty officers who observed and followed vehicle, but did not assist in stopping the vehicle or arresting the appellant were not incompetent under Evid.R. 601 or its statutory equivalent).
 {¶ 16} Appellant's sole assignment of error is overruled. *Page 9 
 III. {¶ 17} Appellant's sole assignment of error is overruled. The judgment of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to appellant. *Page 10 
 SLABY, P. J. DICKINSON, J. CONCUR *Page 1