[Cite as *State v. Nemunaitis* , 2011-Ohio-5004.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    25794 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| GREGORY A. NEMUNAITIS, JR. | STOW MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    2010 TRC 9913 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2011

BELFANCE, Presiding Judge.

{¶1}    Gregory Nemunaitis appeals from his convictions for operating a vehicle under the influence and failure to yield at an intersection. For the reasons set forth below, we affirm.

I.

{¶2}    Sergeant Daniel Rice observed Mr. Nemunaitis stop his car at a stop sign. Mr. Nemunaitis then proceeded to turn right onto a cross street, causing a car travelling along that street to have to swerve to avoid striking Mr. Nemunaitis' car. Sergeant Rice stopped Mr. Nemunaitis and cited him for violating R.C. 4511.41.

{¶3}    Mr. Nemunaitis filed a motion to suppress the evidence gathered as a result of the traffic stop, arguing that Sergeant Rice lacked probable cause to initiate the stop. The trial court denied the motion, and Mr. Nemunaitis pleaded no contest to the charges. He has appealed, raising one assigned error for review.

II.

"THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT'S MOTION TO SUPPRESS."

{¶4} Mr. Nemunaitis confines his arguments to the legality of the initial stop and argues that Sergeant Rice failed to state articulable facts sufficient to justify the traffic stop. We disagree.

{¶5} Generally, review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003–Ohio–5372, at ¶8. Thus, we defer to the trial court's findings of fact if they are supported by competent, credible evidence and review its application of the law to the facts de novo. *State v. Metcalf*, 9th Dist. No. 23600, 2007–Ohio–4001, at ¶6.

{¶6} A traffic stop constitutes a seizure for purposes of the Fourth Amendment to the United States Constitution. *State v. Swann*, 9th Dist. No. 23529, 2007-Ohio-3235, at ¶6. Accordingly, "[a]n automobile stop is thus subject to the constitutional imperative that it not be 'unreasonable' under the circumstances." *Whren v. U.S.* (1996), 517 U.S. 806, 810. Thus, an officer must demonstrate "specific and articulable facts which, taken together with rational inferences from those facts," lead to a reasonable suspicion of criminal activity to justify the intrusion. *Terry v. Ohio* (1968), 392 U.S. 1, 21. See also, *State v. Barbee*, 9th Dist. No. 07CA009138, 2008-Ohio-3587, at ¶9, quoting *State v. Poole* (June 7, 1995), 9th Dist. No. 2336-M, at *3 ("In order to initiate a valid traffic stop, an officer must have a 'reasonable suspicion that a motorist was violating a traffic law.'"). In this case, the basis for the stop was a traffic violation, namely, Sergeant Rice's observation that Mr. Nemunaitis failed to yield to a car approaching and the subsequent near-collision that followed once Mr. Nemunaitis pulled onto the road.

{¶7} Mr. Nemunaitis argues that, because Sergeant Rice incorrectly cited him for violating R.C. 4511.41, he lacked reasonable suspicion justifying a stop. However, the trial court found that Sergeant Rice "stated categorically that [Mr. Nemunaitis'] vehicle was operated in such a way as to have failed to yield the right of way to traffic using the adjoining highway in a lawful manner." The trial court's finding is supported by Sergeant Rice's testimony that he observed Mr. Nemunaitis pull out in front of an oncoming car, causing that car to swerve to avoid hitting Mr. Nemunaitis' car. Mr. Nemunaitis does not dispute this factual finding, nor does he dispute that, based upon his testimony, Sergeant Rice observed a traffic violation. Instead, Mr. Nemunaitis suggests that, since Sergeant Rice incorrectly cited him with a different traffic violation at the time of the stop, Sergeant Rice violated the Fourth Amendment's protection against unreasonable seizures.

{¶8} Since Mr. Nemunaitis was stopped at a stop sign, his actions violated R.C. 4511.43, which provides that vehicles stopped a stop sign must yield to cars approaching the intersection from another roadway. Sergeant Rice's citation to the incorrect section of the Ohio Revised Code at the time of the stop does not negate his observation of a traffic violation. See, e.g., *State v. Lillstrung* (Sept. 18, 1998), 11th Dist. No. 97-L-290, at *5 (officer citing defendant under incorrect ordinance did not affect the legality of the stop); *State v. Meade* (May 13, 1997), 7th Dist. No. 95-C.A.-76, at *1-2 (affirming conviction for making an improper left turn pursuant to R.C. 4511.36(B) even though the police officer mistakenly cited the motorist under R.C. 4511.36(A) for making an improper right turn).

{¶9} Accordingly, Sergeant Rice's observation of the traffic violation was a specific and articulable fact that, at a minimum, provided him with reasonable suspicion that Mr.

Nemunaitis' had violated the law, and, therefore, the stop was reasonable under the circumstances. Mr. Nemunaitis' sole assignment of error is overruled.

### III.

{¶10} Mr. Nemunaitis' assignment of error is overruled. The judgment of the Stow Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

CARR, J.
DICKINSON, J.
CONCUR

APPEARANCES:

PETER A. SACKETT, Attorney at Law, for Appellant.

JOHN A. SCAVELLI, JR., Attorney at Law, for Appellee.