[Cite as *State v. Jackson*, 2015-Ohio-5160.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                          Court of Appeals No. S-14-050

    Appellee                                       Trial Court No. TRC 1401392 A

v.

James J. Starks Jackson                      **DECISION AND JUDGMENT**

    Appellant                                      Decided:  December 11, 2015

* * * * *

Loretta Riddle, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant James Starks Jackson appeals the November 25, 2014 judgment of the Fremont Municipal Court which, following the denial of his motion to suppress and subsequent no contest plea, sentenced him for an OVI violation under R.C. 4511.19(A)(1)(A).  Because we find that the court did not err, we affirm.

{¶ 2} On May 14, 2014, appellant was charged with OVI with two prior convictions in the preceding six years.  The charge stemmed from a traffic stop in

Fremont, Sandusky County, Ohio, where a trooper observed appellant violating a traffic ordinance and effectuated a traffic stop. The charge was amended to reflect that appellant had three prior violations in the past six years.

{¶ 3} On September 9, 2014, appellant filed a motion to suppress all evidence related to the traffic stop. Appellant argued that the stop was invalid because he did not violate the Ohio Revised Code section he was charged with; thus, the trooper lacked a reasonable suspicion of a traffic violation to justify the stop.

{¶ 4} The suppression hearing was held on September 30, 2014. The Ohio State Patrol trooper acknowledged that he incorrectly charged appellant with a violation of R.C. 4511.25, left of center, when in fact he violated R.C. 4511.33, marked lanes violation. The trooper testified that he observed appellant cross the white dashed lines separating the two westbound lanes on multiple occasions without using signal indicators. The trooper's dashboard video clearly depicts the violations.

{¶ 5} On October 31, 2014, the trial court denied appellant's motion, finding that the trooper, though he incorrectly cited appellant, had reasonable suspicion that appellant violated R.C. 4511.33. The court then concluded that the stop was constitutionally valid. Thereafter, appellant entered a no contest plea, was sentenced and this appeal followed.

{¶ 6} Appellant now raises the following assignment of error:

> The trial court erred when it denied appellant's motion to suppress the evidence when it found that the trooper had reasonable suspicion to stop the appellant's vehicle.

2.

{¶ 7} In his sole assignment of error, appellant argues that his motion to suppress should have been granted where the trooper did not have a reasonable belief that appellant violated the statute for which he was issued a citation; thus, the stop was invalid. When reviewing a trial court's ruling on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Guysinger,* 86 Ohio App.3d 592, 594, 621 N.E.2d 726 (4th Dist.1993). An appellate court must independently determine, without deferring to a trial court's conclusions, whether, as a matter of law, the facts meet the applicable standard. *State v. Klein,* 73 Ohio App.3d 486, 488, 597 N.E.2d 1141 (4th Dist.1991).

{¶ 8} An investigative stop of a motorist does not violate the Fourth Amendment if the officer has a reasonable suspicion based upon "'specific and articulable facts'" that the individual is engaged in criminal activity. *Maumee v. Weisner,* 87 Ohio St.3d 295, 299, 720 N.E.2d 507 (1999), quoting *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Reasonable suspicion constitutes something less than probable cause. *State v. Carlson,* 102 Ohio App.3d 585, 590, 657 N.E.2d 591 (9th Dist.1995). The propriety of an investigative stop must be viewed in light of the totality of the circumstances. *State v. Bobo,* 37 Ohio St.3d 177, 524 N.E.2d 489 (1988), paragraph two of the syllabus.

{¶ 9} Reviewing the transcript of the suppression hearing and the video recording, we find that appellant's actions violated R.C. 4511.33, which requires that a vehicle be operated within its lane of travel. Although the trooper cited the incorrect Ohio Revised

3.

Code section, this does not negate his observation of a traffic violation. *See State v. Nemunaitis,* 9th Dist. Summit No. 25794, 2011-Ohio-5004; *State v. Carleton*, 11th Dist. Geauga App. No. 97-G-2112, 1998 WL 964286 (Dec. 18, 1998). Accordingly, appellant's assignment of error is not well-taken.

{¶ 10} On consideration whereof, we find that appellant was not prejudiced from having a fair proceeding and the judgment of the Fremont Municipal Court is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.       _____
                                                 JUDGE
Thomas J. Osowik, J.

Stephen A. Yarbrough, P.J.       _____
CONCUR.                                             JUDGE

_____
                                                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.

4.